# Mutual Life Insurance Company of New York v. Wheatley.

(Decided March 18, 1932.)

WM. MARSHALL BULLITT for appellant.

FRED HOWES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

On the 24th day of September, 1924, the appellant, Mutual Life Insurance Company of New York, hereinafter referred to as the "Mutual Life," insured the life of the appellee, Leander G. Wheatley, in the sum of $10,000, and further agreed to pay him a monthly income of $100 in the event that he should, before attaining the age of sixty years, and providing all past-due premiums had been duly paid and his policies were in full force and effect, furnish due proof to it at its home office to the effect that he had become totally and permanently disabled by bodily injury or disease, thereby rendering him permanently, continuously, and wholly incapacitated or disqualified from performing any work for compensation, gain or profit and from following any gainful occupation. On January 13, 1929, and while his policies were still in full force and effect, Wheatley was struck by a metal drum while unloading it, necessitating an operation, followed by erysipelas, which totally disabled him until May 29, 1929, when he entirely recovered, resumed work

regularly, and is still engaged in the same occupation he was in at the time he was hurt. It is stipulated that from the time of his injury until May 29th Wheatley was totally disabled by bodily injury or disease so that he was continuously and wholly prevented thereby from performing any work for compensation, gain, or profit, and from following any gainful occupation, and that on and after May 29, 1929, he resumed his gainful occupation, and thereafter continued to perform work for compensation, gain, and profit. It will be noted that although the time elapsing between January 13, 1929, and May 29, 1929, is not quite five months, yet it is conceded that, for the purpose of calculating the amount of disability insurance here involved, the period shall be considered as five months. The question presented in this litigation is whether the Mutual Life must pay to Wheatley the disability insurance of $100 per month above referred to for the five months he was totally disabled or only for the last two months of that period. Appellant conceded liability for the two months, but denied liability for the first three months. The lower court adjudged that the Mutual Life should pay for all five months, and, from the judgment entered on that verdict, an appeal is prayed in this court, the judgment being for $500, of which $200 is concededly correct.

The case turns entirely on a construction of two clauses of the policies. They are:

"If the insured . . . furnished due proof to the company . . . that he has become totally and permanently disabled by bodily injury or disease so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit and from following any gainful occupation, . . . the company upon receipt and approval of such proof will grant the following benefits . . . (2) the company will, during the continuance of such disability, pay to the insured a monthly income at the rate of $10 for each $1,000 of the face amount of this policy."

The other clause involved printed on the back of the policies reads:

"Amendment providing additional benefits in the event of total and permanent disability.—The

clause in this policy entitled 'Benefits in the event of total and permanent disability before the age of sixty,' (the one above quoted) is hereby amended by the addition of the provisions set forth hereunder and in no other respects: (II) Disability presumed permanent after ninety days continuous disability.— If the insured should be totally disabled as defined in this policy for a continuous period of not less than ninety days, such disability shall, during its further continuance, be presumed to be permanent, but the company shall have the right, anything in this policy to the contrary notwithstanding, to require proof of the continuance of such disability during the first two years of such disability at any time at which either a premium falls due or an income payment becomes payable, and after said two years from time to time, but not oftener than once a year, as provided for in said clause in this policy.''

It is the contention of the appellant that, although Wheatley was totally disabled during the five months in question, he at no time was ever permanently disabled, but that, because his total disability continued for as much as ninety days, such total disability under the policy was, after the expiration of such ninety days, deemed a permanent disability in so far as the liability of the company to pay disability insurance for total and permanent disability after the ninety-day period is concerned. On the other hand, the appellee insists that the policy means that, after the expiration of ninety days, a total disability shall be considered a permanent one for all purposes thereafter, and that the disability insurance is payable from the inception of a total disability which continues for more than ninety days.

It will be noted from a reading of the clauses of the policies above quoted that, for a total permanent disability that prevents the insured from performing any work for compensation, gain, or profit, or from following any gainful occupation, the company is obligated to pay disability insurance during such disability. Of course, the expression "during such disability" refers back to the character of disability thereinbefore set out, and for which the disability insurance is to be paid, and such disability is defined as "total and permanent." In such state of case, the insurance is payable from the inception of such "total and permanent" disability.

On the other hand, there may be a total disability that is not permanent in character, such as a broken leg, which may totally disable a party for a comparatively short period of time, but which does not permanently disable him.

It was the latter character of disability that the amendment to the policy printed on its back was meant to take care of. That clause or amendment clearly means that, if a total disability which is not in fact permanent in character continues for as much as ninety days, the company shall thereafter pay disability insurance for such total disability as though it were in fact a permanent one. Appellee, however, argues that this amendment printed on the back of the policy was meant to be no more than a stipulated rule of evidence, and that it indeed added nothing to the policy, because a total disability which had continued as long as ninety days would be deemed in law permanent from its inception anyhow. If appellee's contention be correct, then there is but little, if any, distinction between the words "total" and "permanent." This can hardly be so. The term "total" implies a concept of completeness without regard to time. A person knocked unconscious is, during the period of unconsciousness, however brief, totally disabled from pursuing any occupation for gain or profit. On the other hand, the term "permanent" implies a concept of time. As used in insurance policies, the term perhaps may not mean that the disability must continue throughout the lifetime of the insured, but it certainly connotes the idea that the disability must be something more than merely temporary in its nature. Ginell v. Prudential Ins. Co., 237 N. Y. 554, 143 N. E. 740 (adopting the dissenting opinion of Van Kirk, J., in the lower court, 205 App. Div. 494, 200 N. Y. S. 261). Cf. Penn Mutual Life Ins. Co. v. Milton, 160 Ga. 168, 127 S. E. 140, and 40 A. L. R. 1386 et seq., for a collection of authorities on this point. And so the expression "totally and permanently disabled" appearing in the first clause of the policy means a disability complete in its nature and more than temporary in its character—one, at least, that in all human probability will continue for a long and indefinite period of time. Certainly a three-month period of total disability without more would not of itself imply a permanent disability. The period of time is too temporary in character to imply permanency. And so, to take care of such a situation, the appellant put on the back of the policies

the amendment here in question to the effect that a total disability, though temporary in character, would be paid for as though permanent in its nature, but only after it had continued for a period of ninety days and for such time only as elapsed after such ninety-day waiting period and up to the recovery.

While it is true that during the five-month period appellee was ill he was totally disabled, yet it is not contended that his illness was of such character as that in human probability he would not recover within a period of time temporary in its nature. This being true, he was not permanently disabled in fact, and he was relegated for any right to disability insurance to the amendment printed on the back of his policies, which, as stated, provided for no disability insurance until after the expiration of a ninety-day period. It follows that appellant was correct in conceding liability for only two months of appellee's illness and the judgment awarding him five months' disability insurance is erroneous.

The appeal prayed is therefore granted, and the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.