## PATRICK v. EQUITABLE LIFE INS. SOC. OF THE UNITED STATES (two cases).

### Nos. 1406, 1407.

District Court, E. D. Kentucky.

Feb. 14, 1933.

Kirk & Wells, of Paintsville, Ky., and Browning & Davis, of Ashland, Ky., for plaintiff.

Bruce & Bullitt, of Louisville, Ky., for defendant.

ANDREW M. J. COCHRAN, District Judge.

These two actions are before me on plaintiff's motions to remand to the Johnson Circuit Court from whence they were removed by the defendant. On June 1, 1929, the defendant issued to the Consolidation Coal Company a group insurance policy on the lives of its employees. It contained a provision that it would issue to the company for delivery to each employee whose life was insured an individual certificate setting forth a statement as to the insurance protection to which he was entitled and to whom it was payable, together with a provision to the effect that in case of the termination of the employment for any reason the employee should have issued to him a life policy to be kept alive by the payment of premiums on

his part. The plaintiff was an employee of that company, and, pursuant to that provision, the defendant on July 1, 1930, issued a certificate to it for delivery to him in the amount of $2,000, and again on July 7, 1930, it so issued another certificate in the amount of $1,750. Each of the certificates was delivered by it to him. Each of the certificates contained a total and permanent disability provision. Thereafter plaintiff, whilst still in the company's employ, received a bodily injury which he claimed totally and permanently disabled him within the meaning of such provision. He brought these two actions to recover for such disability. Each is brought on one of these certificates to recover the amount thereof, and is a separate action. The amount in controversy in each is less than the jurisdictional amount. The ground of removal is that plaintiff had no right to bring separate actions. He should have brought a single action for both amounts, in which case the amount in controversy would have been $3,750, and the action would have been removable. The bringing of separate actions was fraudulent, in that it was for the purpose of preventing a removal.

If the separate certificates were separate policies of insurance, there can be no question but that the plaintiff could have brought separate actions, and there would have been no removability. Waltman v. Union Central Life Insurance Co. (D. C.) 25 F.(2d) 320. It is contended by defendant that they are not such, and that the plaintiff had no right of action thereon. His sole right of action was on the group policy issued by the defendant to the company. It cites in support of this contention: Gallagher v. Simmons Hardware Co., 214 Mo. App. 111, 258 S. W. 16; Wheeler v. Monsanto Chemical Works (Mo. App.) 263 S. W. 881; Leach v. Metropolitan Life Ins. Co., 124 Kan. 584, 261 P. 603.

Such being the case, defendant contends that plaintiff had but a single cause of action, and what he has done is to split that cause of action in order to prevent a removal.

The plaintiff cites in support of the position that he had separate rights of action. Lozier Automobile Exchange v. Interstate Cas. Co., 197 Iowa, 935, 195 N. W. 885. I do not find it necessary to determine whether plaintiff has but a single cause of action or two separate ones. I will dispose of the case on the assumption that the defendant is right here. It does not follow therefrom, however, that it had a right to remove the actions the same as if but one action had been brought. The fact that plaintiff so shapes his action in the state court as to present a cause of action which in itself is not removable does not render the action removable. This is so, not even if he has no right to so shape his case, and his purpose in so doing is to present a case that cannot be removed. If it is held that the case is removable, what case is there in this court for determination? It is none other than the case as presented in the state court. There is no other case to be determined. As long as the case remains in that shape, this court has no jurisdiction of it, because the amount in controversy is not sufficient. This court after its removal cannot so reshape it as to render the jurisdictional amount sufficient. A plaintiff has a right to make his own case as he sees fit, and the court has no right to make it different. The federal court in dealing with the removability of the case should not treat it as it should have been made and then, upon removal, treat it as it actually is. The plaintiff in shaping his case as he does takes the consequences of so doing, and it should be assumed that the state court will subject him to such consequences. Such a case as we have here does not come within the principle applicable to a case where the cause of action as presented in the state court is in itself removable and an attempt is made to prevent removal by fraudulent joinder of one who is under no liability to plaintiff. It comes within my decision in Woods v. Mass. Protective Ass'n (D. C.) 34 F.(2d) 501. See 43 Harvard Law Review, 320, for a favorable comment on this decision.

The motions to remand are sustained.