# Equitable Life Assurance Society of the United States v. Preston.

(Decided March 20, 1934.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

KIRK & WELLS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Like other policies in this series of cases we have been presently considering, the one issued to the appellee, C. M. Preston, provided for monthly indemnity of

$52.50 for total and permanent disability until the payments aggregated $2,100.

The contract provided for payment during the continuance of the disability, and stipulated that if it appeared at any time that such disability had ceased to be total no further installments of indemnity would be paid on account thereof. While the word "permanent" imports perpetual continuance or, in connection with a person, existence until death, yet as used in an insurance policy—especially where there is such a provision as this—it is intended to mean only a condition that in all probability will continue for a long and indefinite period of time. Mutual Life Insurance Company of New York v. Wheatley, 243 Ky. 69, 47 S. W. (2d) 961. The term "total and permanent disability" in these policies carries the implication that the condition of complete disability may at some time in the future cease. In a word, it is only presumably permanent. In the companion case of Equitable Life Assurance Society v. Goble, 254 Ky. post, — S. W. (2d) —, decided this day, are to be found more detailed statements of the terms of the policy by which this appellee was insured.

The evidence of the plaintiff is that while engaged in his work at the mine of the Consolidation Coal Company, on April 16 or 17, 1931, he suffered a rupture, and its development along with several other physical infirmities resulted in his total and permanent disability which entitled him to the full indemnity. There is much substantial evidence introduced by the defendant and in part proved by some of the plaintiff's witnesses, to the effect that since the date he claimed to have been injured the insured had recovered from that degree of disability at least. The instructions given, however, ignored this evidence, and the right of the defendant to rely upon this important provision of the contract. They were such that the jury was bound to find nothing for the plaintiff or to find the entire sum. The jury may have believed the plaintiff entitled to insurance indemnity during a part of the period, yet under the instructions they had to refuse him that compensation or else give the entire sum. Being restricted to the two alternative findings, it is not surprising that the jury chose the one more favorable to the insured. The defendant offered an instruction which, though wrong in defining "permanent disability" and in undertaking to

limit recovery up to the time of the trial, was sufficient to require the giving of an instruction to the effect that if the jury believed that total disability had ceased they could not find beyond the time it ended. We are of the opinion that it was error not to give such an instruction.

It is submitted that it was error to sustain objections to questions inquiring of the plaintiff as a witness if he had not agreed to pay certain doctors a fee of $100 for their services to him on account of his accident and the result he claimed. The only purpose of such an interrogation could have been to affect the credibility of the doctors as witnesses by showing that they were receiving or would receive an extraordinarily liberal compensation should the plaintiff be successful in his lawsuit. It seems to us that this was irrelevant so far as the plaintiff was concerned and would have been an improper impeachment of prospective witnesses who had not then been introduced and who might not in fact ever be presented. No error was committed in this regard.

Inasmuch as on August 1, 1931, the group insurance policy by which the appellee was covered was so amended that thereafter the installments were to be $36.24 a month instead of $52.52 as theretofore, and inasmuch as the evidence was not conclusive as to whether the insured had become totally and permanently disabled before or after that date, the jury should have been directed to find when the disability, if any, had begun.

The verdict was for the lump sum of $2,100. As in other cases of the series now being determined in this court, the judgment provided for payment in monthly installments until the full amount was paid or until the plaintiff's "total and presumably permanent disability has ceased, if it does," and that execution could be issued for the amount due on the entry of the judgment and for each monthly installment when it accrued or became due and payable.

The contention that the court was without authority to adjudge the payment of installments of indemnity beyond the time of the trial, that is, the prospective installments, has been decided against the appellant in the opinion delivered today in the case of Equitable Life Assurance Society of the United States v. Goble. We may add that the same conclusion was reached in Brix

v. People's Mutual Life Insurance Company (Cal. App.) 18 P. (2d) 103, 104, and Melancon v. Provident Life & Accident Insurance Co., 176 La. 1055, 147 So. 346, 348. In the former case the court said: "We can find no ground in reason or precedent against it," and proceeded to give reasons why the trial court had jurisdiction to render judgment requiring the payment of future installments in a case of this character. The Louisiana Supreme Court found an analogy in the judgments rendered in cases under the State Employers' Liability Act.

But the form of the judgment in this case is subject to the criticism made as it is for an aggregate sum payable in 35 monthly installments, absolutely and unconditionally, whether the total disability of plaintiff in the future becomes partial or altogether ceases, or whether he dies during the period and the remaining unpaid installments become payable to the named beneficiary. The case was not retained on the docket nor was it filed away with the right to re-docket so the insurance company could be relieved of the future installments by establishing a recovery of the insured, in whole or in part. To that extent the judgment is contrary to the contract of insurance and effectually bars the company from its stipulated rights. In our recent case of Prudential Insurance Company of America v. Hampton, 252 Ky. 145, 65 S. W. (2d) 980, the judgment was like this one, and it was held to be improper in form and the trial court was directed to modify it to care for the contingency of changed conditions. Our conclusion in that case and in this one with respect to the form of the judgment is supported by Melancon v. Provident Life & Accident Insurance Co., supra. A judgment in the same form was held improper because it deprived the insurance company of its contract rights. That opinion is thus concluded:

> "It is therefore ordered that the judgment appealed from be amended by restricting the monthly payments to plaintiff of $45 each to 'the period during which such injury alone shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to his business or occupation'; and by reserving to defendant company the right to contest plaintiff's claim to a continuance of any of these monthly payments."

Upon a rehearing in which the case was argued

anew, principally upon the question of the prematurity of the action as to the installments that were not due on the day the suit was filed, the court adhered to its original opinion and added:

> "The defendant's plea of prematurity, as to all but the installments that were past due on the day the suit was filed, appears to be supported by some decisions; but that is a matter of no importance, because the decree which we have rendered reserves all of the defendant's rights in that respect, and merely disposes finally of the other pleas, which would otherwise be applicable to future installments."

For the reasons indicated, the judgment is reversed.