# Equitable Life Assurance Society of the United States v. Patrick.

(Decided March 20, 1934.)

(As Modified on Denial of Rehearing June 26, 1934.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

Z. WELLS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

G. H. Patrick, appellee in this case, recovered judgment under two separate certificates of insurance based upon the group policy which we have been considering in this series of cases. The monthly installments are those stipulated in the respective policies. The judgment provides that the insurance company shall have the rights specified in the policies with respect to discontinuing payment of these installments if and when the insured should cease to be totally disabled. The case was ordered filed away with the right to have it redocketed at any time for the purpose of disposing of the question of future liability.

Upon the authority of Equitable Life Assurance Society v. Goble, 254 Ky. 614, — S. W. (2d) — , and other cases the contention that the judgment for installments accruing in the future is improper is denied.

There was first issued to the appellee a certificate of insurance for $1,750 and then another for $2,000,

when he ascertained that he was eligible to have $3,750 insurance under the policy and contract with his employer. He received an injury on July 29, 1930, and became entitled to the indemnity. It appears that separate suits were at first filed on each certificate. The company took the cases into federal court, but the District Court held that the plaintiff had the right to split his single cause of action, although he would be liable for the consequences, and remanded the cases to the state court. Patrick v. Equitable Life Assurance Society (D. C.) 2 F. Supp. 762. Thereupon ,the plaintiff dismissed his suit for $1,750 and filed an amended petition in the other one and asked judgment for only $3,000, thereby waiving his claim to the extent of $750. The verdict was for the lump sum of $3,000. The judgment provided for its payment in 35 monthly installments of $52.12 each, aggregating $1,824, and in 22.4 monthly installments of $52.50 each, aggregating $1,176. The plaintiff had voluntarily surrendered a part of the $2,000 policy. That certificate provided that the sum payable under it was to be paid in 40 monthly installments of $52.50, and the other certificate in 35 monthly installments of $52.12. The effect of the judgment, therefore, was to cut off the payment of the last 17.6 monthly installments on the $2,000 certificate. The policy provided that where the insurance was $3,000 it was payable in 60 monthly installments of $54 each. The company now contends that the judgment (if otherwise correct) should have been at this rate instead of $104.62 monthly for 22.4 months, and the balance at the rate of $52.12 a month. If this be error it was invited by the appellant, for $104.62 was the sum which it stated, in two different instructions which it offered, that the jury should award if it found for the plaintiff. We, therefore, need not inquire into the question of error now raised, for it is an elementary rule of practice that a litigant will not be heard on appeal to question an act of the trial court done pursuant to his request. Equitable Life Assurance Society v. Morgan, 254 Ky. 699, — S. W. (2d) — .

Judgment affirmed.