# Equitable Life Assurance Society of the United States v. Martin

(Decided March 20, 1934.)

(As Extended on Denial of Rehearing June 19, 1934.).

WM. MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action on a group policy issued by the Equitable Life Assurance Society of the United States, a corporation, engaged in the insurance business, to the Consolidation Coal Company, a corporation, engaged in mining and shipping coal at Van Lear, John-

748

son county, Ky. The latter employs a large number of men in its business.

The Consolidation Coal Company required each of its employees, under the age of 60 years, to carry insurance protecting their lives and health, as per the terms of the group policy, and deducted from their wages a sum sufficient to pay their proportionate part of the premiums due and paid under the group policy to the Equitable Life Assurance Society. Steve L. Martin was an employee of the Consolidation Coal Company, to whom certificates of insurance were issued, in accordance with the provisions of the group policy, bearing different dates, for different amounts, whereby the Equitable Life Assurance Society agreed to pay him $52.12 a month and a like amount on the same date of each succeeding month thereafter until he was paid 35 monthly installments, totaling $1,824.24, in the event while insured under the group policy, and before attaining the age of 60 years, he became "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement."

While under the age of 60, and the policy was in full force and effect and all premiums due thereunder were fully paid, on the 13th day of April, 1932, Martin claims he "became permanently disabled" by a disease or injury known as "inguinal hernia." He presented proof of his injury to the insurance company and demanded payment under the terms of the policy and in accordance therewith. It refused to recognize its obligation to him, or to make payment as demanded.

This action was instituted to recover the aggregate amount due him in accordance with the terms and provisions of the policy, as evidenced by the certificates of insurance, on the ground he was "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value."

The insurance company presented numerous defenses, which, with the plaintiff's cause of action, on the evidence offered by the parties and instructions given

by the court, were submitted to a jury, resulting in a verdict in favor of Martin for the total amount of his certificates.

The judgment herein is identical with that copied in the opinion of the Equitable Life Assurance Society of United States v. Goble, 254 Ky. 614, — S. W. (2d) — , this day decided.

It is here also argued the provisions of the policy under this form of judgment "means, if [a] the Appellee dies while he is being paid the monthly installments, the balance of the installments will be paid to his beneficiary, or [b] he fails to furnish proof of the continuance of his disability, the installments cease, or [c] he recovers, the installments cease. Neither this court nor the lower court nor a jury can determine at this time whether [a] the insured will continue to live long enough to collect all the installments, [b] he will furnish satisfactory proof of the continuance of the disability when called on to do so, or [c] he will not recover from his disability. Therefore the insured cannot now recover the installments to come due in the future. He can recover them only if he is alive to receive them. If he be dead, then the Equitable's contract is to pay them to the beneficiary and not to the employee's personal representative."

We disposed of the same presentment in the case of Equitable Life Assurance Society of the U. S. v. Goble, supra, and it is authority as to these questions in the present one.

The fallacy of the argument "there was no evidence that Martin became totally and presumably permanently disabled" while he was insured under the group policy, and a peremptory instruction for the Equitable should have been given, is shown by the Equitable offering before the introduction of any evidence, in open court, to confess judgment "for the total amount of all installments payable up to this time and interest thereon, beginning with the month of April 1932 for the total sum of $398.64, with interest from the date of each of said installments becoming due and until paid and all costs heretofore accrued in this action."

Wherefore, the judgment is affirmed.