## Prudential Insurance Company v. Cox.

(Decided May 1, 1934.)

R. W. KEENON for appellant.
SHUMATE & SHUMATE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellee, Raymond P. Cox, was a railroad policeman until May 21, 1931, when there was a reduction in force. He was insured under a group policy issued by the appellant, which provided for the payment of $2,000 in twenty-four monthly installments should he become totally and permanently disabled from any cause during the life of the policy "to such an extent that he is rendered wholly, continuously and perman-

ently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime." It is admitted that paid premiums carried the policy to June 30, 1931. Plaintiff filed suit November 19, 1932, charging that "while said insurance contract was in full force and effect * * * and on or about the 21st day of May, 1931," he had become disabled within the terms of the policy.

Defenses other than a traverse were that if the plaintiff had become disabled, it was after the policy terminated, and a failure to comply with the policy provisions relative- to furnishing proof of disability. The judgment was for $2,000, and the appeal follows.

The principal ground submitted for reversal is that there was no evidence of disability on or before May 21, 1931, when his insurance terminated by the cessation of his employment, or on June 30th when the policy lapsed, hence that the defendant was entitled to a peremptory instruction. Further, if it should be regarded as sufficient to take the case to the jury, the verdict must be considered as flagrantly against the evidence. It is clear that the evidence of plaintiff's condition at the time of the trial and for some time before established a disability within the terms of the policy. The weight of the evidence is that while he was ill in May and June, 1931, his state of disability was hardly in the degree contemplated by the policy. But the question before us now is only whether the evidence pertaining to that time was sufficient. If the insured became disabled as defined during the life of the policy, the fact that he thereafter ceased to be among the employees covered by the group policy could not destroy his rights to the benefits, for the company's liability attached with the inception of the disability. Mutual Life Insurance Company v. Wheatley, 243 Ky. 69, 47 S. W. (2d) 961; Ætna Life Insurance Company v. Wyant, 249 Ky. 562, 61 S. W. (2d) 50; Horn's Administrator v. Prudential Insurance Company, 252 Ky. 137, 65 S. W. (2d) 1017; Bergholm v. Peoria Life Insurance Company, 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416; Atlas Life Insurance Company v. Wells (Ark.) 63 S. W. (2d) 533; Mid-Continent Life Insurance Company v. Christian, 164 Okl. 161, 23 P. (2d) 672.

We examine the evidence under this conception. Plaintiff testified that before he was let out he was sick

at the stomach; unable to retain his food; vomited blood; and suffered with "burning and aching." He had continued at his work because of necessitous circumstances when he could hardly get around. Some time in April or May, 1931, he consulted Dr. Hurst at Hazard who gave him a medical prescription. He saw Dr. Bach at Jackson in the fall of 1931. After moving to Irvine, he went under the care and treatment of Dr. Wallace and has so continued. He had not responded to the medical treatment although he had followed the doctor's orders carefully. Dr. Hurst did not testify. Dr. Wallace testified that in June, 1931, he diagnosed insured's trouble as an ulcerated stomach; that such a condition usually responded to treatment and diet in six weeks or two months, but Cox had not responded and there had been no improvement. On the contrary he had been getting gradually a little worse. The symptoms resembled those of cancer, said the doctor, and he expressed the opinion that Cox had not been able to perform any labor or work since he had been under his care. His prognosis with respect to the permanency was not very definite because, apparently, of the doctor's uncertainty whether his patient was suffering with ulcer or with cancer. He had previously made certain certificates which could be regarded as inconsistent with his testimony on the trial, and he appeared to be very cautious in giving his testimony. Dr. Bach stated that Cox first consulted him October 23, 1931, and was suffering with ulcers of the stomach. He expressed the opinion (as of August 16, 1932) that the insured had been wholly incapacitated since he had first seen him. Dr. Hume, of Richmond, made a general physical and X-ray examination in November, 1932, and described the insured's condition at that time. Based upon that condition and a history of the case, he expressed the opinion that Cox had been suffering with a gastric ulcer up until probably a year before and then had cancer of the stomach and was totally and permanently disabled.

While the specific evidence relating back to the period before June 30, 1931, is meager, the reasonable inferences from proof of continuing symptoms, chronic invalidism, and gradual development for the worse up to the time of the trial, coupled with that testimony, in our opinion was sufficient to authorize a submission of the issue to the jury. Nor can we regard the verdict as being flagrantly against the evidence, although, as stated,

there was much to the contrary. Republic Life & Accident Insurance Company v. Gambrell, 248 Ky. 63, 58 S. W. (2d) 219; Equitable Life Assurance Society v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703; John Hancock Mutual Life Insurance Company v. Cave, 240 Ky. 56, 40 S. W. (2d) 1004, 79 A. L. R. 848; Ætna Life Insurance Company v. Wyant, supra; Horn's Administrator v. Prudential Insurance Company, supra.

There is nothing to show the company was informed of the insured's condition or that he made any claim against it until in August, 1932, when proof of disability was submitted. This was fifteen months after it arose. While the policy was automatically canceled on June 30, 1931, as stated, the company's liability had already attached if in fact the insured was disabled before that date. The question now is whether he lost the right to the benefits under that liability by a failure to furnish proof thereof sooner. There are some contracts of insurance which make the furnishing of proof a condition precedent to recovery. This is not of that class. The certificate upon which the suit is based is identical with that copied in Horn's Administrator v. Prudential Insurance Company, supra. It was there held that since the contract did not specify any time for filing the proof of disability as a condition to recovery, the time was not of the essence and liability could not be avoided on that ground. The provisions of the master policy relied on by the defendant are to the same effect. It was proper therefore not to limit the recovery only from the time proof of disability was furnished.

But the agreement was that the monthly installments would be payable upon the receipt of such proof. This was a condition precedent to the collection of the benefits although it was not to the liability, and we are of the opinion that the company should not be required to pay interest on the installments which had accrued up to that time from the several dates on which they would otherwise have been payable.

The judgment was for the lump sum of $2,000. The right to this is claimed by the appellee upon the ground that by denying any liability the company waived its right to pay in installments, as was held in John Hancock Mutual Life Insurance Company v. Cave, supra, and Travelers' Insurance Company v. Turner, 239 Ky. 191, 39 S. W. (2d) 216. Those policies were different

from this in that the right to satisfy the claims by a single payment or in annual installments were reserved by the company. For the reasons stated, a denial of liability was held to be a waiver of the right of election and the insured could recover the entire sum. There was no right of election reserved in this policy. The case comes within Howard v. Benefit Association of Railway Employees, 239 Ky. 465, 39 S. W. (2d) 657, 81 A. L. R. 375; Woods v. Provident Life & Accident Insurance Company, 240 Ky. 398, 42 S. W. (2d) 499. It was, therefore, error to render judgment for a single sum. Under the instructions the verdict effectually found the insured to have been continuously disabled from a time before the policy terminated. So the judgment should have been for the total installments with interest on those which had accrued up to the time of the filing of proofs of disability from that date only, and on the subsequent ones from the respective dates upon which they were payable. Such reservation should have been made as not to foreclose the company from questioning the disability in the future. Such a judgment should now be entered on the verdict. See Equitable Life Assurance Society v. Gobel, 254 Ky. — , — S. W. (2d) — and Equitable Life Assurance Society v. Preston, 253 Ky. 459, 70 S. W. (2d) 18.

For this purpose the judgment is reversed.