# Mutual Life Ins. Co. of New York v. McElrath.

(Decided Nov. 15, 1935.)

WM. MARSHALL BULLITT, BRUCE & BULLITT, ROBERT LEE BLACKWELL and D. L. STREET for appellant.

JOE LANCASTER for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellee held an ordinary life policy of the appellant company, which, in addition to its obligation to pay a certain sum upon the death of the insured, provided for the payment of an annuity of $50 per month upon proof that the holder had become totally and permanently disabled, either by injury or disease so that he was or would be permanently, continuously, and wholly prevented from performing any gainful occupation.

It was also written in the policy that if the insured become totally disabled from performing any work for gain or profit, so long as such disability continued, the insurer would waive the payment of premiums, commencing with the first due premium after approval of the claim for disability.

The annual premium due upon the contract was $225.10 per year, and there is no dispute as to the payment of such premiums.

Another provision of the policy was that notwithstanding the proof of total disability had been duly furnished to and accepted by the insurer, the insured shall thereafter from time to time, but not oftener than once each year, furnish insurer proof of the continuation of the disability, and upon failure to do so, or if it should appear to the insurer that the beneficiary be free from such disability as is contemplated by the contract, then no further premium was to be waived, and no further income was to be paid.

On February 24, 1932, appellee suffered a gunshot wound in his left ankle, which he claimed totally and permanently disabled him from performing any work for compensation, gain, or profit, and he asserts in his petition that he will be thus permanently incapacitated.

Appellee, prior to August 8, 1932, which was the succeeding due date of premium payment after his injury, furnished proofs to insurer of his injury and disability, but insurer refused to accept his proof and claim, and insisted on the payment of the current premium due, which appellee says he paid under protest, and that under the same conditions theretofore existing he paid the premium due for the year 1933. The total of the two premiums thus paid was $450.20.

In his original and amended petition appellee sought judgment for $50 per month benefits from the time of his injury and such premiums as had been paid under protest. The insurer answered denying any liability on the policy.

In addition to his prayer for the sums alleged then to be due, appellee asked for a declaration of his rights under the terms of the policy. The cause was submitted to a jury, upon what appear to have been proper instructions. The jury was told that they should find for plaintiff, if they believed from the evidence that the plaintiff "is totally and permanently disabled from carrying on the usual and substantial and practically all of the acts necessary to the prosecution of his usual business or occupation." The jury returned a verdict in favor of appellee, awarding him such sum as was due at the time as benefits and the total of the two premiums which he had under protest paid after his injury, and upon this verdict judgment was entered.

However, the court entered a supplemental judgment, which is as follows:

"This cause coming on for hearing upon the prayer of the plaintiff's petition for a declaration of rights and the court having considered the verdict of the jury, and being sufficiently advised, doth further order and adjudge that the defendant pay to the plaintiff the sum of Fifty Dollars [$50.00] per month, beginning August 1, 1934, so long as the permanent and total disability of plaintiff shall exist. It is further adjudged that the plaintiff be

relieved from paying the annual premium provided for in the policy as long as his condition shall remain as at present, and this cause is continued on the docket for further orders of the court, to all of which both plaintiff and defendant object and except.''

The appellant is not complaining of the judgment awarding appellee the amount found by the jury to be then due (including two years premiums), but it complains because the court entered the supplemental judgment, supra, which retains the case on the docket for further proceeding on proper showing.

It is argued that the law does not authorize the court to enter a judgment in a controversy of this character; that the supplemental judgment is forbidden by general principles of practice, being violative of sections 384, 386, and 518 of the Civil Code of Practice and erroneous as a matter of substantive law. In the case of Equitable Life Assurance Society of U. S. v. Goble, 254 Ky. 614, 72 S. W. (2d) 35, 37, this court answered each and every contention advanced by appellant here. The court took pains in reviewing many cases, both within and without this jurisdiction, and wrote as follows:

''A similar argument has been presented to this court in numerous cases involving the quoted clause of a group policy and a judgment embracing like provisions. [Citing cases.] These cases exemplify the objection to the form of judgment herein and show the question is no longer controversial in this court, the opinions of a number of courts of foreign jurisdiction to the contrary notwithstanding.''

Since the decision in the Goble Case, supra, this court has followed it on the question here presented in quite a number of cases. Equitable Life Assur. Society of U. S. v. Powers, 254 Ky. 770, 72 S. W. (2d) 469; Equitable Life Assur. Society of U. S. v. Keck, 254 Ky. 773, 72 S. W. (2d) 466, 467; Equitable Life Assur. Society of U. S. v. Martin, 254 Ky. 747, 72 S. W. (2d) 446; Equitable Life Assur. Society of U. S. v. Patrick, 255 Ky 80, 72 S. W. (2d) 480; Equitable Life Assur. Society of U. S. v. Dennison, 255 Ky. 296, 73 S. W. (2d) 52.

We see no reason for departing from the law as

written in the cases cited, supra, nor can we see any grounds for distinguishing the present case from those cited.

Judgment affirmed.