## Prudential Insurance Co. of America v. Dismore.

(Decided Dec. 17, 1935.)

742

WHEELER, WHEELER & SHELBOURNE for appellant.

H. PATE WELLS and WELLS & WILSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

In Prudential Insurance Co. of America v. Dismore, 254 Ky. 725, 72 S. W. (2d) 433, a judgment for $840 recovered by George E. Dismore on a health insurance policy because of total and permanent disability for a period of 12 months ending September 4, 1933, was affirmed. The company denied disability, but did not plead the provisions of the policy, which, in effect, denied the right of the plaintiff to recover in the ab-

sence of notice and proof, and we held it was not entitled to the benefit of certain anticipatory allegations of the petition relating thereto.

This suit was filed to recover an additional $840 for the 12 months following; that is, from September 4, 1933. The petition set up the previous judgment and its affirmance as constituting a bar to the denial of liability under the policy for this subsequent period. The defendant filed demurrer and motion to strike this part of the petition, which were overruled. By answer it traversed the allegations of disability; set forth the provisions of the policy requiring proofs of disability within the specified time both as to an original claim and as to continuance of disability after such condition. had been recognized; and averred that the plaintiff had. not met those conditions precedent to maintaining the action. A demurrer to the answer was sustained, and the defendant declining to plead further, judgment was. entered for the plaintiff. This appeal follows.

The former judgment merely awarded recovery for the period covered by the petition and its prayer and did not adjudge the insured to be totally and permanently disabled or provide for the continuance of the payment of future monthly indemnity such as was done in a number of cases of this character which have come before the court. See, as typical, Prudential Insurance Co. v. Hampton, 252 Ky. 145, 65 S. W. (2d) 980; Equitable Life Assurance Society v. Preston, 253 Ky. 459, 70 S. W. (2d) 18; Equitable Life Assurance Society v. Goble, 254 Ky. 614, 72 S. W. (2d) 35; Equitable Life Assurance Society v. Patrick, 255 Ky. 80, 72 S. W. (2d) 480. The difference is that in those judgments, the form of which was approved, the matter could be reopened in the same case by the company, while under this form another action becomes necessary because the judgment as it relates to future payments was not kept. under the control of the court. The phrase, "total and permanent disability," although not regarded as complete and continuing until death, imports continuance of the degree of disability so often declared for an indefinite period of appreciable duration and not merely a transient or temporary incapacity. Mutual Life Insurance Co. v. Wheatley, 243 Ky. 69, 47 S. W. (2d) 961; Equitable Life Assurance Society v. Preston, supra; Commonwealth Life Insurance Co. v. Ovesen, 257 Ky..

622, 78 S. W. (2d) 745; annotations, 40 A. L. R. 1386, and 97 A. L. R. 126. The plaintiff having established such total and permanent disability and obtained a judgment to that effect, the presumption of continuance followed. The insured was entitled to indemnity without further action on his part. But of course the company had the right to show its liability had ceased by establishing recovery or cessation of the disability. The judgment cannot, however, be regarded as res judicata for a period subsequent to that covered by it, nor stop the insurance company from asserting or proving recovery from the disability upon which its liability rested.

We are here dealing only with pleadings, and these statements regarding the burden of proof are made in that connection; the petition having disclosed the former adjudication.

Paragraph 1 of the answer set up the provisions of the policy that the company could demand and the insured would furnish, proof of continuance of disability after its recognition not oftener than once a year after the disability had continued 2 full years for the purpose of verification and in the event the insured did not furnish such proof upon request, waiver of premiums and payments of monthly indemnity should cease. It averred that such demand had been made of the insured on December 3, 1934, and it had been refused and no such proof had been received. This was pleaded in abatement. We conclude that this paragraph of the answer was demurrable, since the demand was not made until three months after the entire period for which claim was being asserted, and nearly two months after the suit was filed.

Paragraph 2 traversed the allegations of disability throughout or during any part of the period, and denied the defendant's liability under the policy. In substance and effect it repleaded the demand and failure to furnish proof of continuance of disability and its right to reasonable time in which to consider same was set forth in the first paragraph. It also denied the anticipatory allegations of the petition as to the plaintiff having given notice of his disability and claim. To the extent of the traverse, this paragraph of the answer was good on demurrer.

Paragraph 3 defended upon the ground that certain provisions of the policy required notice and proof of disability before any claim would be recognized, and alleged that such notice and proof had not been furnished or given. This was in effect the same as the first paragraph, except that it had express application to an original claim and not to a claim based upon a presumed continuance of disability already recognized. Hence, it did not state a good defense.

Paragraph 4 alleged that the policy had lapsed because of nonpayment of premiums for the previous two years. This was the period for which plaintiff had recovered and was claiming indemnity for disability. The policy provided for a waiver of premiums during the continuance of that condition, and this defense rested altogether upon the determination of that main issue. We do not think the defendant could claim any waiver of premiums under the circumstances.

Our conclusion is that it was error to sustain the demurrer to that part of the answer constituting a traverse of the allegations of the plaintiff's disability.

For that reason, the judgment is reversed.

The whole court sitting.