HALE, Respondent, v. METROPOLITAN LIFE INSURANCE
COMPANY, Appellant.

(273 N. W. 657)

(File No. 7946.   Opinion filed June 1, 1937)

*Bailey, Voorhees, Woods & Bottum,* of Sioux Falls, for Appellant.

*Verne H. Jennings,* of Sioux Falls, for Respondent.

POLLEY, J. During the year 1921 the plaintiff in this action entered into the employ of Cochran-Sargent Company of Sioux Falls. This company was engaged in the wholesale plumbing and heating business, and carried a stock of plumbing and heating supplies in a storeroom in Sioux Falls. Plaintiff was employed as a desk clerk in the stockroom or warehouse, and it was his duty to check in and put into its proper place or on its proper shelf articles of merchandise as they came in, and to check out the same as it was sold. Such merchandise consisted of iron piping, bolts and nuts, radiators, bathtubs and other plumbing and heating accessories, all of which were very heavy to handle. In addition to the above work, it was plaintiff's duty to keep a book account of all articles of merchandise that came into or were taken out of, said storehouse. Plaintiff was able to, and did, perform all of this labor to the entire satisfaction of the Cochran-Sargent Company until early in the year 1928.

During the early part of the year 1928, plaintiff became afflicted with a disease known as multiple sclerosis. This is a nervous disease, of unknown cause, and is incurable. It develops rather slowly, but with possible remissions at times, its development is continuous from its inception throughout the life of the person afflicted. In plaintiff's case, he lost muscular strength, and lost control of his feet and legs, especially the left foot and leg. In walking, he could not pick up his feet and put them one ahead of the other in the natural way, but was obliged to support himself with a cane, or steady himself by holding to some object with his hands and then shuffle his feet along on the floor. He staggered, and walked like a drunken man. He consulted and took treatments from local physicians, but obtained no relief. By October, 1928, plaintiff had become so debilitated that he could no longer perform the duties for which he was employed, and the company was obliged to employ an extra man to do plaintiff's work, or to help him with it, but because of the fact that plaintiff was an old employee, the company was reluctant to discharge him. By the end of February, 1929, however, Cochran-Sargent Company decided that

plaintiff could be of no further service in its business, and on the 28th day of that month he was finally discharged. During the forepart of the following month of April he went to Rochester, Minn., where he went through the Mayo Clinic. He received no benefit there or any encouragement, and returned to Sioux Falls. During the forepart of the following summer plaintiff, in an effort to maintain himself, obtained an agency for the sale of Fuller brushes. He worked at this for some eight months, but because of his weakened condition he was not able to do better at any time than to barely make expenses, and gave up the attempt. Shortly after the beginning of the following year, he obtained an agency for the distribution and sale of the Sunday Pioneer Press, but after some eight or ten months' attempt at this found he was unable to attend to the sale of the papers and collecting therefor, and gave up the venture. Since then he has not tried to do any work of any kind or to carry on any kind of business.

During the year 1923, the Cochran-Sargent Company bought from the defendant a group policy (No. 1933 G) of life and disability insurance on the lives and health of its employees. Plaintiff was one of the beneficiaries under this policy. Originally the policy provided insurance of $600 for each employee. Afterwards, this amount was increased to $1,300, and later on to $2,000 for each employee.. The said policy contained the following provision:

"Any employee insured under this plan who shall become wholly and permanently disabled while in our employ before reaching the age of 60, either by accidental injury or disease, and is thereby permanently, continuously and wholly prevented from pursuing any and all gainful occupation, will be regarded as a claimant by the Metropolitan Life Insurance Company. Six months after the receipt of due proof of such disablement, the Insurance Company will begin making payments of the amount of insurance under any one of the following plans at the option of the person insured;

"Sixty monthly instalments at the rate of $18.00 per thousand dollars of insurance

"Five annual instalments at the rate of $214.00 per thousand dollars of insurance

"Ten annual instalments at the rate of $116.18 per thousand dollars of insurance

"Fifteen annual instalments at the rate of $83.90 per thousand dollars of insurance

"Twenty annual instalments at the rate of $67.98 per thousand dollars of insurance."

And the policy also contained the following provision: "In the event of the termination of the employment for any reason whatsoever, the employee shall be entitled to have issued to him by the Metropolitan Life Insurance Company, without further evidence of insurability, and upon application made to that Company within thirty-one days after such termination, and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by such company. Term Insurance excepted, in an amount equal to the amount of his protection under the Group Insurance Policy at the time of such termination."

On or about the 11th day of May, 1931, plaintiff, being still under the age of 60 years, and claiming that prior to his discharge from the Cochran-Sargent Company he had become so wholly and permanently disabled by the said multiple sclerosis as above set out, as to be unable to pursue any gainful occupation, furnished the defendant with due proof of his total and permanent disability to do any kind of work or to pursue any gainful occupation and demanded of defendant that it pay him the benefits provided for by the terms of said policy. Defendant refused to pay such benefits or any part thereof and denied any liability whatever because of such policy. Thereupon plaintiff commenced this action for the recovery of the entire $2,000 named in said policy in a lump sum; it being plaintiff's theory that defendant, having denied any liability under the policy, was liable for the entire amount in a lump sum.

The case was tried to the court without a jury, and at the close of the trial the court made the following, among other, findings of fact:

"That on February 28, 1929, and for approximately three months prior thereto, the plaintiff was afflicted with multiple scler-

osis, which permanently, continuously and wholly prevented him from pursuing any and all gainful occupation. That said multiple sclerosis, from which said plaintiff was suffering at said time, affected his arms and limbs and his general movement to such an extent and in such a manner that he was unable to work or get around without the aid of canes or crutches or by holding on to objects, that he could not stand alone and balance himself without holding on to some object, and that such disease had so affected the muscles in his arms that he could not pick up or carry any object weighing more than a few ounces, and during the last three months of his employment with the said Cochran-Sargent Company such disease so affected the control of his arms that he could not write and carry on the paper work required of him.

"That plaintiff was discharged from the employment of the Cochran-Sargent Company on February 28, 1929, by reason of said multiple sclerosis, whereby he was unable to perform any portion of the work required to be done by him in the course of this employment and that at such time he was less than sixty years of age.

"That plaintiff's physical condition since the time of his discharge by the Cochran-Sargent Company on February 28, 1929, has not improved but on the contrary has grown slightly worse and at this time said plaintiff is still suffering from said multiple sclerosis and is still continuously and wholly prevented from pursuing any and all gainful occupation and that such disabiltiy is permanent."

After a careful study of the record, we are fully satisfied that these findings are supported by the evidence. Plaintiff had judgment for the entire amount of $2,000, and defendant appeals.

■■ Defendant contends, and for its defense relies principally upon the contention, that plaintiff was not totally and permanently disabled from pursuing any gainful occupation; and calls our attention to the two efforts made by him to maintain himself, first by selling Fuller brushes, and then by selling Sunday papers, as proof that he was neither totally nor permanently disabled. It is our view that the evidence shows that plaintiff was totally and permanently disabled under the terms of the policy for at least three months prior to his discharge by Cochran-Sargent Company; and that the two pitiful ventures he made thereafter furnish con-

clusive evidence of this fact. What constitutes permanent and total continuous disability under somewhat different facts, was considered by the court in Cass v. Pacific Mutual Life Insurance Company, 62 S. D. 502, 253 N. W. 622. In that case the contingency provided for in the policy was, "had the plaintiff suffered such disability from sickness as to result in continuous total loss of business time within the meaning of the policy." We held that under the terms of the policy the defendant would be liable to plaintiff if plaintiff's disability resulting from sickness rendered him unable to perform the substantial and material duties necessary to carry on his business or occupation in the usual manner. Total disability as used in the policy involved in this case does not mean "absolute helplessness or entire physical disability, but rather an inability to do substantially or practically all material acts in the transaction of the insured's business in his customary and usual manner." Travelers' Insurance Company v. Turner, 239 Ky. 191, 39 S. W. (2d) 216, 217.

It is contended by appellant that because plaintiff did not apply for an individual policy within 31 days after the termination of his employment with Cochran-Sargent Company as provided by the policy that his insurance under the group policy expired and that he had no further claim against the appellant. Plaintiff was not required to apply for an individual policy in order to keep his right under the group policy alive. His disability had already occurred. Liability had already attached under the policy, Prudential Insurance Company v. Cox, 254 Ky. 98, 71 S. W. (2d) 31, and cases cited, and he was "regarded as a claimant" by the defendant, and all that was required of him was to make his proof and demand his benefits.

Appellant next contends that in no event was plaintiff entitled to judgment for the full $2,000 in a lump sum. It will be noted that plaintiff is given the choice of accepting his benefits in sixty monthly instalments; five annual instalments; ten annual instalments; fifteen annual instalments; or twenty annual instalments. But plaintiff adopted the theory that, because appellant had denied all liability under the policy, respondent was entitled to collect the entire amount in a lump sum. There are authorities to the effect that, had defendant been given the option to decide the manner in

which the benefits were to be paid, then plaintiff's theory would have been correct. Prudential Insurance Company v. Cox, supra; Federal Life Insurance Company v. Rascoe (C. C. A.) 12 F. (2d) 693. But where, as in this case, the option to fix the amount of the payments is with the insured, a denial of liability does not entitle the insured to all the benefits in a lump sum. Travelers' Insurance Company v. Turner, supra; John Hancock Mutual Life Insurance Company v. Cave, 240 Ky. 56, 40 S. W. (2d) 1004, 79 A. L. R. 848.

The judgment must be reversed, but appellant is not entitled to a new trial; nor should appellant be required to pay interest unless appellant refuses to comply with the contract after plaintiff has exercised his option.

The cause is remanded to the trial court, with directions to enter a new judgment upon plaintiff filing herein an election under the terms of the policy, which judgment shall be in conformity with such election and the views expressed herein.

No costs shall be taxed on this appeal.

ROBERTS and WARREN, JJ., concurring.

RUDOLPH, P. J., not sitting.

SMITH, J., dissenting.

SMITH, J., (dissenting). Being of the opinion that the respondent's failure to make timely proof of disability is fatal to his claim, I am unable to concur in the majority opinion.