ST. PAUL, J., dissents. Cf. Police Jury, etc., v. McDonogh, 8 La. Ann. 341, 358.

147 So. 346

**MELANCON v. PROVIDENT LIFE & ACCI-
DENT INS. CO.**

No. 31802.

July 20, 1932.

Rehearing Denied March 27, 1933.

McCoy, Moss & King, of Lake Charles, for appellant.

Hawkins & Pickrel, of Lake Charles, for appellee.

LAND, Justice.

On October 14, 1930, plaintiff slipped and fell from a long ladder while nailing zinc roofing on a corncrib, and accidentally broke his left arm.

Plaintiff alleges that since that time he has been unable to use his arm or to perform work of any character, and claims from defendant company in this suit the full sum of $45 per month, not to exceed 60 months, under a total disability clause contained in a contract of accident insurance entered into between plaintiff and defendant company on or about August 29, 1921.

Plaintiff avers that defendant company has admitted its liability under the contract sued upon by paying to him three months' insurance, or the sum of $135.

Defendant company contends:

(a) That the payment of the $135 was in full and complete satisfaction of all demands of plaintiff growing out of the accident of October 14, 1930.

(b) That plaintiff, not being under the care of a physician visiting him at least once every seven days, as provided by part IV, section (b), of the policy sued upon, is not entitled to further recovery.

(c) That plaintiff cannot recover any indemnity that matured after September 16, 1931, being the date of this suit.

(d) That in no event can defendant company's liability be stretched, from the period during which plaintiff is actually disabled, to the full period of five years, which is the effect of the judgment rendered against defendant company in the lower court.

Plaintiff obtained judgment against defendant company in the sum of $2,700, payable in 60 monthly installments of $45 each, beginning on November 15, 1930, subject to a credit of $135, paid on February 9, 1931.

This judgment also provides that the installments past due at date of judicial demand shall bear legal interest from that date until paid; that installments hereafter falling due shall bear legal interest from the last day of the month in which they fall due until paid; and that defendant company shall pay all costs of this suit.

From this judgment defendant company has appealed.

1. Defendant company has failed to prove that the payment of $135, made by it to plaintiff, was in full settlement of all of plaintiff's demands growing out of the accident.

More than three months had elapsed since the injury, when this payment was made and, under the schedule in the policy, the amount paid covered the exact amount due for three months of total disability.

The plaintiff denies that he agreed to a final settlement, and Dr. Lafargue testifies that when he and Burns, the defendant company's agent, went to plaintiff's house to make

a settlement, plaintiff himself did not agree to accept the payment as a final settlement.

■ It appears that plaintiff is an illiterate man and, in face of the fact that he had previously refused to accept the settlement as final, we are of the opinion that he is not estopped from suing on the contract of insurance in this case, by the mere fact that the check sent him later by mail and collected by him bore on its face the statement that indorsement by payee shall constitute a receipt and release, in full settlement of any claim under the policy by reason of the injury. The element of estoppel against plaintiff is wanting, as defendant company was not injured by discharging an obligation accrued at the time of payment.

■ 2. The provision in the policy that indemnity shall not be paid for disability, "unless the Insured shall require and receive the services of a legally qualified physician or surgeon at least once in each seven days," has no application to this suit, at least up to the date of its filing, September 16, 1931, as defendant company itself waived this provision by the payment of the indemnity for three months, and it is shown that plaintiff has not required or received such services. Dr. Lafargue says that his services ended at or about the time of the payment of the $135, and that thereafter there was nothing more that medical science could accomplish in lessening the effect of the injury.

■ The doctor, however, testified that plaintiff's wrist and hand were still stiff as a result of adhesions incident to the healing process, which exercise would break and enable him to obtain a greater mobility than he possessed at the time of the trial. He also testified that he had advised plaintiff to take exercise, but he would not do so. (Tr. pp. 62–66.)

It is quite clear, therefore, that plaintiff can recover the indemnity in this case accrued up to September 16, 1931, the date of the filing of this suit.

■ 3. But, as contended by defendant company, whether its liability can be stretched from that date to the full period of five years, as has been done by the judgment in this case, presents a serious question for our consideration.

It is to be observed that the judgment in plaintiff's favor is for the lump sum of $2,700, payable in 60 monthly installments, absolutely and unconditionally, whether the total disability of plaintiff continues; or whether plaintiff, through exercise, may have acquired sufficient mobility to constitute partial disability, thereby reducing his indemnity automatically under the policy from $45 per month to $22.50 per month; or whether plaintiff may be alive or dead during this five-year period of payment of indemnity by defendant company.

This judgment is clearly contrary to the contract of insurance, in which defendant company binds itself to pay plaintiff a monthly accidental indemnity of $45, "commencing on date of the accident, *for the period during which such injury alone shall wholly and continuously disable and prevent* the insured from performing any and every duty pertaining to his business or occupation."

Therefore, the judgment in this case cannot be couched in absolute terms, requiring payment to plaintiff unconditionally for a full period of five years, but must be modified so

as to cover only the period during which the total disability of plaintiff continues.

The proper judgment in this case finds a parallel in the judgments rendered by this court in all cases of total disability under the Employers' Liability Act of this State (Act No. 20 of 1914, as amended), in which payments are ordered to be made only as long as the disability lasts.

It is therefore ordered that the judgment appealed from be amended by restricting the monthly payments to plaintiff of $45 each to "the period during which such injury alone shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to his business or occupation"; and by reserving to defendant company the right to contest plaintiff's claim to a continuance of any of these monthly payments.

It is now ordered that the judgment as amended be affirmed, and that appellee pay costs of appeal.

On Rehearing.

O'NIELL, Chief Justice.

A rehearing was granted in this case on the petition of the insurance company. The question which we desired to reconsider was, principally, the question of prematurity of the action as to the installments that were not due on the day on which the suit was filed—the 16th of September, 1931. We had no doubt that the judgment which we had rendered was correct in all other respects; but, as we did not state the point on which we wished to hear the parties anew, we heard arguments on all of the points made by the insurance company. After further consid-

eration of the matter, we do not find any error in the decree heretofore rendered.

The defendant's plea of prematurity, as to all but the installments that were past due on the day the suit was filed, appears to be supported by some decisions; but that is a matter of no importance, because the decree which we have rendered reserves all of the defendant's rights in that respect, and merely disposes finally of the other pleas, which would otherwise be applicable to future installments.

The decree heretofore rendered in this case by this court is now reinstated and made final.