**NATIONAL MUT. ACC. INS. CO. v. HICKS.**

No. 4423.

Court of Civil Appeals of Texas. Texarkana.
Nov. 20, 1933.

Rehearing Denied Nov. 30, 1933.

Simmons & Arnold, of Houston, and Keeney & Moseley, of Texarkana, for appellant.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellee.

LEVY, Justice (after stating the case as above).

There is directly presented by the proposition which is based on the first and second assignments of error the controversial and vital point in the case of whether in the circumstances proven the insurance company can be deemed to have waived the right of forfeiture of the policy for nonpayment of premiums. The evidence is without dispute that the insured failed to pay the monthly premiums as and when due on his policy during the months of September and October, 1931; that the default and nonpayment thereof was existing on the days of October 29 and October 31, 1931; that the policy of insurance contains the express provision that: "The insured agrees to make payments in the sum of $6.00 per month and to remit the same to the Home Office within ten days after notification, and failure to so remit automatically cancels all benefits and insurance given by reason thereof and by reason of this policy." Such provision is valid, and its effect upon such default in the payments mentioned by the insured is to preclude the beneficiary from a recovery upon the policy, unless the answer thereto would be, of waiver by the insurance company of its right to urge or take advantage of such default in the payments mentioned. It is the conceded rule that, if the insurer intentionally elects to take advantage of the known existing default in the payment of premiums, the law; in order to avert the forfeiture of the policy, will hold the insurer irrevocably bound

as by an election to treat the contract of insurance as if no cause of forfeiture had occurred. This election may be either expressed or implied; and any competent .evidence, whether direct or circumstantial, may be shown which tends to prove or disprove such fact. Equitable Life Assur. Soc. v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Dunken v. Ætna Life Ins. Co. (Tex. Civ. App.) 221 S. W. 691; 33 C. J. § 847, p. 120. And we can see no good reason why a waiver should not be predicated upon the evidence considered as a whole. The language of the letter of October 29, 1931, written to the insured from the home office of the insurance company, is entirely consistent with the purpose and intention of waiving the default in the payments mentioned. In the commencement of the letter there is specific statement of the premiums as and when due, and in the language following the whole tenor thereof implies an admission that the company waived the literal requirements of the policy as to their timely payment. The statement of the premiums evidences not only the delinquent payments "due September and October," but also the payment for October yet to be due on "Nov. 9th." It was dealing altogether as one matter, with premiums past due and unpaid and a premium not at the time due and payable. It was pointed out to the insured that "your protection is best assured" by the "prompt remittance" of the total amount of the premiums mentioned, both past due and the one yet to become due, and directed him to have "your check" for the total amount thereof "reach us not later than ten days from this date (of October 29, 1931)." The expression in the conclusion is that: "We believe you wish to keep your policy in force," meaning thereby not automatically canceled for nonpayment of the premiums. The whole letter seeks to have, and holds out the hope of, the payment of delinquent premiums, the same as if no cause of forfeiture had occurred. The undisputed evidence in behalf of the insured reflects there was "prompt remittance" of the money to pay the delinquent and coming due premiums, and in the very purpose of keeping the "policy in force" and prevent its being considered lapsed. The insurance company at the time of the letter and at the time of the payment by check knew of the delinquent payments and could not claim ignorance thereof. The ledger account as reflected by the evidence showed it. After receiving the payment of the delinquent premiums and the premium coming due on November 9, the company credited the account of the insured therewith, and, with full knowledge of the death and date of death of the insured through due proofs of loss made, kept the money and kept it to the credit of the account of the insured, and made no offer to return same until the date of trial, some eleven months after payment. The waiver was complete and irrevocable of the default in the payments mentioned. The jury has found a waiver, and the finding is here sustained.

■ Error is predicated upon the refusal to submit to the jury certain special issues. It is believed there was no error. The issue submitted to the jury is in proper form, and there was no other issue in the case, but that of purely waiver or not.

■ The appellant predicates error upon the judgment as to the amount of recovery. The plaintiff sued for the matured installments, and specially asked that the liability of the insurance company be fixed as to the future installments. The court granted this relief, as was authorized to be done, under the general prayer for such other and further relief as entitled to by reason of the facts pleaded. The liability of the appellant to pay the amount promised in a lump sum has been decided in many cases.

We have considered all the assignments, and conclude that same should be overruled, as not presenting reversible error.

The judgment is affirmed.