# Equitable Life Assurance Society of the United States v. Morgan.

(Decided March 20, 1934.)

(As Modified on Denial of Rehearing June 19, 1934.)

BRUCE & BULLITT, WM. MARSHALL BULLITT and E. B. COCHRAN for appellant.

KIRK & WELLS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The verdict in favor of the appellee, Henry Morgan, on account of total and permanent disability under a group insurance policy issued by the appellant, was for $2,100. The judgment awards a recovery of that sum in monthly installments of $52.50, but provides that in the event the plaintiff's presumably permanent and total disability ceases before the time required to satisfy the whole judgment, the defendant shall have the rights contained and specified in the policy in relation thereto. For the purpose of determining the question as to future liability, the case was continued on the docket until all of the monthly payments had been paid or the plaintiff's rights to receive same or any part thereof had terminated by reason of the recovery from his presumably permanent and total disability.

The point is made that the court was without power to render the judgment for prospective indemnity. That

has been decided adversely to the appellant in the opinion of Equitable Life Assurance Society v. Goble, 254 Ky. — , — S. W. (2d) — .

Effective August 1, 1931, a rider was attached changing the indemnity from 40 installments of $52.50 each to 60 installments of $36.24 each. It is now argued an instruction should have been given directing the jury, if they should find for the plaintiff, to say whether his disability arose before or after August 1st in order that the proper method of payment might be adjudged. It is further argued that it was error to fix the payments at $52.50 monthly instead of $36.24, inasmuch as the judgment recites payments should begin August 17th. The date fixed in the judgment is not that on which disability occurred, but is the date on which the first installment was payable, that is, at the end of the month and not at the beginning. The company is not in position at this late hour to complain of the instruction which it now says should have been given or of this feature in the judgment. At the commencement of the trial the company offered in open court to confess judgment "for twelve monthly installments of $52.50 each covering the period from August 17,. 1931, up to the date of this trial," and also interest on those installments. At the conclusion it offered instruction A, submitting what the company claimed was the proper definition of "total disability" and with the measure of recovery, if any should be awarded, "the total sum of the monthly installments payable therefor at the rate of $52.50 for each month beginning August, 1931," to the date of trial. Again, in instruction D offered by the company, it was recited:

"The plaintiff cannot recover more than the total sum of the monthly installments of $52.50 each from the beginning of his alleged total and permanent disability," etc.

Nowhere in the record, and not until this belated criticism, did the defendant indicate any idea that the indemnity was payable at the rate of $36.24 monthly. No rules of practice are older or more firmly fixed than that a party will not be heard to complain on appeal because the court gave an instruction which he himself invited.

In 1809, in Kincaid v. Higgins, 4 Ky. (1 Bibb) 396, it was written:

"But if it is error, it has been produced by the defendants' own neglect, and the cause having been tried upon its merits he ought not to be suffered to avail himself of an irregularity produced by his own wrong."

See Kentucky Digest, Appeal and Error; Kentucky Digest, Trial.

The judgment is affirmed.