## Equitable Life Assurance Society of United States v. Keck.

(Decided June 6, 1934.)

(Rehearing Denied June 19, 1934.)

BRUCE & BULLITT, WILLIAM MARSHALL BULLITT, and E. B. COCHRAN for appellant.

KIRK & WELLS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The verdict in favor of the appellee, Carroll B. Keck, on account of total and permanent disability under the group insurance policy which has been currently considered was for $1,020.80.

The disability claim is on account of tuberculosis of the lungs. Plaintiff testified that, when he came out of the mine on October 16, 1931, he was very weak and in bad condition and went to the company's doctors. They laid him off from work for three weeks. He then had a bad cough, especially in the mornings; had night sweats, severe pains in the chest, insomnia, and was very nervous. His knee was swollen and "would snap every time he would walk." He continuously had "cutting pains in the chest." He went back to these doctors, and they told him he had better go back to work, but he did not feel able to do so. On November 3, 1931, he visited Drs. Wells, Castle, and Pickleseimer, and they examined him. None of these physicians testified as to his condition when they first examined the plaintiff in November, 1931, but they all testified that their physical and X-ray examination made April 24, 1932, revealed certain symptoms, which they related, and that he then had tuberculosis. Subsequent examinations during ten months did not show any improvement since their first examination. The doctors regarded him as permanently and totally disabled to do any manual labor.

In behalf of the defense, other doctors testified that they examined the insured in October, 1931, and found him to be suffering with arthritis in the knee joint, but he had no symptoms of tuberculosis. They did not make any bacterial test or X-ray examination. He was sick over a period of thirteen weeks on account of arthritis and acute rheumatism. Another physician examined the plaintiff in April, 1932, and found him to be neither temporarily, permanently, nor totally disabled, but in good physical condition. He made no other than a general physical examination.

The evidence of the plaintiff as to his condition and his description of symptoms which commonly indicate the presence of tuberculosis, fortified by the evidence of his three doctors, seems to be sufficient to sustain the verdict.

It is argued that the instructions should have indicated that, if the jury believed the plaintiff had recovered from his disability, they might find for him indemnity for such time as he was disabled and find for the defendant thereafter. This is based upon the evidence that in April, 1932, the insured was not disabled. The defense pleaded was that the insured was not disabled. The defense pleaded was that the insured has never been disabled within the meaning of the policy. There was no plea of recovery. Consequently the instruction would not have been proper, for it is a familiar rule that instructions must be based upon issues raised by both pleadings and proof.

The judgment provides for its satisfaction in twenty monthly installments of $51.04 ·each, or until the plaintiff's presumably permanent and total disability ceases. The case was ordered filed away, with a right to redocket it at any time during the period covered by the installments for the determination of the question of future liability. As has been determined in Equitable Life Assurance Society v. Goble, 254 Ky. 614, — S. W. (2d) — , it was proper to provide for the payment of installments not due at the time the judgment was rendered. However, the judgment is erroneous in that it makes the indemnity payable in twenty monthly installments instead of forty monthly installments of $26.42 each. As originally issued, the policy provided for the payment of indemnity in twenty installments, but on August 1, 1931, that provision was amended so that, in the event of total and permanent ·disability, the aggregate sum would be payable in forty monthly installments of $26.42 each. That was the contract at the time plaintiff's cause of action accrued.

The judgment is accordingly reversed, with directions to enter another judgment on the verdict providing for its satisfaction in forty monthly installments instead of twenty.