## Equitable Life Assurance Society of the United States v. Dennison.

(Decided June 26, 1934.)

WM. MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action on a group polciy issued by the Equitable Life Assurance Society of the United States, a corporation, engaged in the insurance business, to the Consolidation Coal Company, a corporation, engaged in mining and shipping coal at Van Lear, Johnson county, Ky. The latter employs a large number of men in its business.

The Consolidation Coal Company required each of

its employees, under the age of 60 years, to carry insurance protecting their lives and health, as per the terms of the group policy, and deducted from their wages a sum sufficient to pay their proportionate part of the premiums due and paid under the group policy to the Equitable Life Assurance Society.

Walker Dennison was an employee of the Consolidation Coal Company, to whom certificates of insurance were issued, in accordance with the provisions of the group policy, bearing different dates, for different amounts, whereby the Equitable Life Assurance Society agreed to pay him $52.12 a month and a like amount on the same date of each succeeding month thereafter until he had been paid 35 monthly installments, totaling $1,824.24, in the event, while insured under the group policy, and before attaining the age of 60, he became "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value, then upon receipt of due proof of such disability before the expiration of one year from the date of its commencement."

While under the age of 60, and the policy was in full force and effect and all premiums due thereunder were fully paid, in November, 1932, Dennison claims he "became permanently disabled" by "heart trouble." He presented proof of his disease to the insurance company and demanded payment under the terms of policy and in accordance therewith. It refused to recognize its obligation to him, or to make payment as demanded.

This action was instituted to recover the aggregate amount due him in accordance with the terms and provisions of the policy, as evidenced by the certificates of insurance, on the ground he was "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value."

The insurance company presented numerous defenses, which, with the plaintiff's cause of action, on the evidence offered by the parties and instructions given by the court, were submitted to a jury, resulting in a verdict in favor of Dennison for the total amount of his certificates.

298

The judgment herein is identcial with that copied in the opinion in the Equitable Life Assurance Society of the Unted States v. Goble, 254 Ky. 614, 72 S. W. (2d) 35, decided March 20, 1934.

A review of the evidence convinces us that the verdict of the jury is not palpably against the weight of the evidence justifying this court to interrupt it. We find no fault with the instructions of the court.

The disability provision of the group policy was amended on August 1, 1931, by the addition of a rider signed by both the Equitable and the Consolidation Coal Company which is securely attached to the policy, so that thereafter the disability benefits, when the amount of the insurance was $1,750, should be paid in 60 monthly installments of $31.71 each. The court inadvertently directed in his judgment thirty-five monthly installments of $52.12 each, when he should have directed sixty monthly installments of $31.71 each until the total amount of insurance was paid as set forth in the judgment.

For this reason alone, the judgment is reversed, with directions to correct, accordingly, the judgment and for proceedings consistent herewith.