## Equitable Life Assurance Society of the United States v. Patrick.

(Decided June 26, 1934.)

WM. MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action on a group policy issued by the Equitable Life Assurance Society of the United States,

a corporation, engaged in the insurance business, to the Consolidation Coal Company, a corporation, engaged in mining and shipping coal at Van Lear, Johnson county, Ky. The latter employs a large number of men in its business.

The Consolidation Coal Company required each of its employees, under the age of 60 years, to carry insurance protecting their lives and health, as per the terms of the group policy, and deducted from their wages a sum sufficient to pay their proportionate part of the premiums due and paid under it to the Equitable Life Assurance Society.

Kay Patrick was an employee of the Consolidation Coal Company, to whom certificates of insurance were issued, in accordance with the provisions of the group policy, bearing different dates, for different amounts, whereby the Equitable Life Assurance Society agreed to pay him $52.12 a month and a like amount on the same date of each succeeding month thereafter until 35 monthly installments were paid, totaling $1,824.24, in the event while insured under the group policy, and before attaining the age of 60, he became "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value, then upon receipt of due proof of such disability before the expiration of one year from the date of its commencement."

While under the age of 60, and the policy was in full force and effect and all premiums due thereunder were fully paid, on the 28th day of March, 1932, Patrick claims he "became permanently disabled" by a disease or injury known as "inguinal hernia." He presented proof of his injury to the insurance company and demanded payment under the terms of the policy and in accordance therewith. It refused to recognize its obligation to him, or to make payment, as demanded.

This action was instituted to recover the aggregate amount due him in accordance with the terms and provisions of the policy, as evidenced by the certificates of insurance, on the ground he was "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value."

The insurance company presented numerous defenses, which, with the plaintiff's cause of action, on the evidence offered by the parties and instructions given by the court, were submitted to a jury, resulting in a verdict in favor of Patrick for the total amount of his certificates.

The judgment herein is identical with that copied in the opinion of the Equitable Life Assurance Society of the United States v. Elijah Goble, 254 Ky. 614, 72 S. W. (2d) 35, decided March 20, 1934.

It is here argued the provisions of the policy, under this form of judgment, "means if (a) the Appellee dies while he is being paid the monthly installments, the balance of the installments will be paid to his beneficiary, or (b) he fails to furnish proof of the continuance of his disability, the installments cease, or (c) he recovers, the installments cease. Neither this Court nor the lower court nor a jury can determine at this time whether (a) the insured will continue to live long enough to collect all the installments, (b) he will furnish satisfactory proof of the continuance of the disability when called on to do so, or (c) he will not recover from his disability. Therefore the insured cannot now recover the installments to come due in the future. He can recover them only if he is alive to receive them. If he be dead, then the Equitable's contract is to pay them to the beneficiary and not to the employee's personal representative."

Except the questions hereafter considered, the grounds of reversal in this case are idenitcal with those in Equitable Life Assur. Soc. of U. S. v. Elijah Goble, supra. On the authority of that case all questions in the present one, except those we shall presently discuss, were determined adversely to the Equitable Life Assurance Society.

The questions in the present one, not determined in that case, are:

"The court should have instructed the jury that it could find that Patrick had recovered from his disability, and that it could find for Patrick for a part of the period of alleged disability, rather than (1) for the entire period, or (2) for no part of it," and "the judgment denies the Equitable due process of

law in violation of the Fourteenth Amendment of the Constitution of the United States.''

The court instructed the jury:

"If it believes and finds from the evidence that the plaintiff, Kay Patrick, while the insurance policy herein was in full force and effect * * * became totally and permanently disabled by bodily injury or disease, which cannot be cured by medical care and attention, and thereby presumably be continuously prevented for life from engaging in any gainful occupation in which the plaintiff is fitted to engage for compensation or profit by his training, education, skill, natural ability or experience; then the law is for the plaintiff, and you will so find for him the sum of $1824.20.''

It is argued this instruction conclusively presumed if Patrick became disabled from hernia on March 28, 1932, he would automatically remain so totally and presumably permanently disabled until March 28, 1928, and, therefore, it was plainly erroneous.

The instruction complained of required the jury to believe Patrick was "permanently disabled by bodily injury or disease, which cannot be cured by medical care or attention.''

It was authorized by the pleadings and the evidence.

The verdict of the jury on the facts is conclusive on the parties and the court. And since the amount of the installments due on the date of the verdict, as well as the sum and the number of the installments to accrue in the future, was determinable solely by the policy, therefore the amount due at the date of the verdict and to accrue in the future was a question of law for the court to determine, and in fact it was entirely unnecessary to submit same to the jury by an instruction. And when the court directed the clerk to enter the judgment on the finding of facts by the verdict of the jury, it was purely a question of law as to how much was at the time due under the policy, and the number of future installments to become due thereunder. The court, by directing the judgment to be so entered, cured any error made in allowing the jury to fix the amount recoverable. The judgment in the form in which it was entered was equivalent to an order of remittitur, to make the judgment conform to the provisions of the policy instead of the verdict of the jury. It allowed the Equitable what it was entitled to. The disability clause of the policy,

the argument based thereon, the form of the judgment in the case, and the verdict of the jury, are identical with those presented in the Goble Case. It is unnecessary, and we are not required again to reiterate our views in respect to either of them.

Respecting the argument, and the cases cited, to sustain the contention the judgment denies the Equitable ''due process of law,'' we are not impressed with the merit of the argument nor with the applicability of the cases cited.

The phrase ''due process of law'' has never been precisely defined so as to draw a clear and distinct line applicable to all cases, between proceedings which constitute ''due process of law,'' and those which do not. Dent v. West Va., 129 U. S. 114, 9 S. Ct. 231, 32 L. Ed. 623; Chicago, B. & Q. R. Co. v. State, 47 Neb. 549, 66 N. W. 624, 41 L. R. A. 481, 53 Am. St. Rep. 557.

In the present case the Equitable was summoned, answered, entered into a trial, and appealed from an adverse judgment. Thus, it has been afforded all of the privileges of the ''law in the regular course of administration through courts of justice, according to those rules and forms, which have been established for the protection of private rights, according to the settled course of judicial proceedings and under such an exercise of the powers of government as the settled maxims of the law permit and sanction, and under such safeguards for the protection of individual rights as these maxims for the class of cases to which'' the present one belongs. No essential element necessary to constitute ''due process of law'' is absent in the pending case.

The insistence that the evidence is not sufficient to authorize a submission of the case to the jury and to sustain its verdict overlooks the testimony of the witnesses. Patrick described his ailment, and the physicians who treated him detailed their knowledge thereof, and while the testimony for the Equitable conflicts with the testimony of Patrick and his witnesses, it was the province of the jury to reconcile this conflict of evidence and arrive at its verdict according to the weight accorded by it to the testimony of the witnesses of the respective parties. It is not the province of this court to disturb the verdict of the jury where the evidence is as conflicting as it is in this case. We are not prepared to view the criticism of the court's instructions with that degree of favor requested by the Equitable. Indeed,

we find no fault with the instructions. The court, in entering the judgment on the verdict, directed a recovery of $52.12 per month beginning the 28th day of March, 1932. The $52.12 per month was authorized by the group policy. The disability provision was amended on August 1, 1931, by the addition of a rider signed by both the Equitable and the Consolidation Coal Company and securely attached to the group policy so that thereafter the disability benefits, when the amounts of the insurance was $1,750, should be payable in sixty monthly installments of $31.71 each. The judgment should have directed the $31.71 disability benefits paid in sixty months, of $31.71, instead of thirty-five monthly installments of $52.12.

For this reason alone, the judgment is reversed, with directions to correct, accordingly, the judgment and for proceedings consistent with this opinion.