## Equitable Life Assurance Society of the United States v. Sesco.

(Decided June 26, 1934.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action, on a group policy issued by the Equitable Life Assurance Society of the United States, a corporation, engaged in the insurance business, to the Consolidation Coal Company, a corporation, engaged in mining and shipping coal at Van Lear, Johnson county, Ky. The latter employs a large number of men in its business.

The Consolidation Coal Company required each of its employees, under the age of 60 years, to carry insurance protecting their lives and health, as per the terms of the group policy, and deducted from their wages a sum sufficient to pay their proportionate part of the premiums due and paid under the group policy to the Equitable Life Assurance Society.

Melvin Sesco was an employee of the Consolidation Coal Company, to whom certificates of insurance were issued, in accordance with the provisions of the group policy, bearing different dates, for different amounts, whereby the Equitable Life Assurance Society agreed to pay him $52.12 a month and a like amount on the same date of each succeeding month thereafter until he had been paid 35 monthly installments, totaling $1,-824.24, in the event, while insured under the group policy, and before attaining the age of 60, he became "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value, then upon receipt of due proof of such disability before the expiration of one year from the date of its commencement."

While under the age of 60, and the policy was in full force and effect and all premiums due thereunder were fully paid about June 24, 1932, Sesco claims he "became permanently disabled" by "pulmonary tuberculosis." He presented proof of his disease to the insurance company and demanded payment under the terms of the policy and in accordance therewith. It refused to recognize its obligation to him, or to make payment, as demanded.

This action was instituted to recover the aggregate amount due him in accordance with the terms and provisions of the policy, as evidence by the certificates of insurance, on the ground he was "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from

engaging in any occupation or performing any work for compensation or financial value.''

The insurance company presented numerous defenses, which, with the plaintiff's cause of action, on the evidence offered by the parties and instructions given by the court, were submitted to a jury, resulting in a verdict in favor of Sesco for the total amount of his certificates.

The judgment herein is identical with that copied in the opinion of the Equitable Life Assurance Society of United States v. Goble, 254 Ky. 614, 72 S. W. (2d) 35, decided March 20, 1934.

It is here also argued the provisions of the policy under this form of judgment ''means, if (a) the Appellee dies while he is being paid the monthly installments, the balance of the installments will be paid to his beneficiary, or (b) he fails to furnish proof of the continuance of his disability, the installments cease, or (c) he recovers, the installments cease. Neither this Court nor the lower court nor a jury can determine at this time whether (a) the insured will continue to live long enough to collect all the installments, (b) he will furnish satisfactory proof of the continuance of the disability when called on to do so, or (c) he will not recover from his disability. Therefore the insured cannot now recover the installments to come due in the future. He can recover them only if he is alive to receive them. If he be dead, then the Equitable's contract is to pay them to the beneficiary and not to the employee's personal representative.''

We disposed of the same presentment in the case of Equitable Life Assurance Society of the U. S. v. Goble, supra, and our conclusions therein control the foregoing questions.

Sesco, in his testimony, fixed the commencement of his disability June 24, 1932. He describes his ailment thus:

''I was taken sick in the mines on the 24th day of June and had what is called a hemorrhage of the lungs and went home and after I got home I had another hemorrhage—liked to have died. I could not walk around for a long time, and then I had several small hemorrhages and was bed-fast for a

long time and had a bad cough all of the time and smothered and I can't get around and do anything."

The testimony of Drs. Wells, Castle, and Pickelsimer corroborates that of Sesco. The Equitable offered no evidence and the case was submitted to the jury on appropriate instructions.

The judgment entered on the verdict directed a recovery of the Equitable "the sum of $52.12 per month beginning August 1st, 1932 * * * until it had paid 35 payments or installments totally $1,824.20." The jury's verdict was $1,750, and except for clerical misprision, we are unable to account for the 35 monthly payments or installments of $52.12 each totally $1,824.20. However, no question as to this discrepancy is raised. Attached to and made part of the group policy of Sesco we find the rider effective as of August 1, 1931, containing a table of installments, as follows:

"Amount of Insurance $1,750.00.

"Number of Monthly Disability Installments— Sixty.

"Amount of Each Monthly Disability Installment $31.71."

The judgment should have provided for the recovery of 60 installments of $31.71 each, instead of 35 installments of $52.12. The court overlooks the rider attached to the group policy. "Undoubtedly the payment of the money is controlled by the contract provision which states how much shall be paid. That contract provision in this case is contained in the rider or amendment to the group policy."

The judgment is reversed for the purpose of correction in this respect, and for proceedings consistent herewith.