162 So. 277

## JOHN HANCOCK MUT. LIFE INS. CO. v. LARGE.

7 Div. 291.

Supreme Court of Alabama.

March 21, 1935.

Rehearing Denied May 2, 1935.

Further Rehearing Denied June 27, 1935.

622

C. A. Wolfes, of Fort Payne, and Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

Thos. W. Millican and Scott & Dawson, all of Fort Payne, for appellee.

Brief did not reach the Reporter.

BOULDIN, Justice.

Appellee sued appellant at law to recover $1,000, the total permanent disability bene-

fit stipulated in a policy of group life insurance.

The defendant, insurer, filed a statutory petition to transfer the cause to the equity docket, alleging:

"That the policy of insurance sued on is a policy issued by the defendant insuring certain employees of W. B. Davis & Son, Inc. (therein called the Employer), and a certificate was issued by the defendant to the plaintiff evidencing her insurance under said policy. That said policy contained the following provisions:

" 'If any employee shall furnish the company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for the wage or profit, the company will waive further payment of premium as to such employee and will pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability, in a fixed number of installments chosen by the employer from the table in the paragraph entitled "Modes of Settlement," the first installment to be paid immediately upon receipt of due proofs of such disability.'

"And said policy further contained a table of installments running from one to twenty years.

"And defendant avers that at the time this suit was brought the employer had not designated the mode of payment nor had it chosen the number of installments in which said benefits were to be paid if the defendant were liable therefor under the policy, nor had any request been made of said employer to designate the number of installments in which said benefits were to be paid.

"That the employer has not since the filing of this suit designated or chosen the installments in which said benefits are to be paid in the event that defendant is liable therefor.

"In the event that a jury should find that defendant is liable to the plaintiff in this case, it would be necessary for the jury to assess the damages from the said table of installments, and no election having been made by the employer as to such installments, and said employer being in no wise a party to this suit, and no process being available in this law court whereby said employer can be made a party to this cause of action, said jury would be without authority to fix or assess the damages due the plaintiff.

"Under the procedure available in said Circuit Court in Equity, the issue as to the disability vel non of the plaintiff can be first determined and if this issue is determined in favor of the plaintiff the employer can be made party defendant to the suit and by process from said Court be required to designate the mode of payment under said contract of insurance."

This application was granted and the order of transfer entered.

Thereupon, the petitioner, defendant in the law court, filed its bill in equity, setting up the same matters alleged in the petition.

The bill also denied permanent total disability of the insured; denied due proof of disability had been furnished as per the policy; and denied that the policy was in force at the time proof was furnished.

The prayer was that the court decree the complainant not liable for the total and permanent disability benefit; decree whether or not the insured had become totally and permanently disabled when the suit was begun, and whether or not the disability benefit had become due and payable; and "that in the event it be decided and determined by the court that the defendant is in equity entitled to the proceeds of the certificate or policy of insurance, that thereupon the process of this court be issued to the employer, W. B. Davis & Son, Inc., a corporation, at Fort Payne, Alabama, requiring it to elect and designate the method or mode of settlement in keeping with the provisions and terms of said Group Policy providing for the payment of such disability benefits in monthly installments."

The insured, respondent to the bill in equity, by answer denied the several allegations in bar of her recovery. The answer was made a cross-bill; averred permanent total disability, of which the insurer had notice; that the insurer had never called upon the insured to cause a selection to be made by the employer touching installment payments, but always refused to pay on the ground there was no total permanent disability; that by such course the insurer had waived the right to pay in installments.

The cross-bill prayed for a decree for the total amount due under the policy, and for general relief.

On final hearing on pleading and proof the court found total permanent disability, due proof of same, and decreed cross-complainant entitled to the disability benefit;

but further decreed the insurer, complainant in the original bill, entitled to relief to the extent of having W. B. Davis & Son, Inc., the employer, designate the installment payments as per the table made part of the policy. It was ordered that the employer be brought in and required to make such designation, and the cause be held open for such purpose. The employer did thereupon designate: "Monthly installment payments over a period of 15 years, each monthly installment payment being the sum of $7.10." This conformed to one alternate provision of the table.

Thereupon, the court rendered his decree finding sixteen installments, with interest thereon, were then in arrears, and 164 monthly installments of $7.10 each were payable thereafter from month to month, and further decreed: "It is, therefore, ordered, adjudged and decreed by the Court that the complainant pay into the office of the Register of this Court the sum of $120.03 for the use and benefit of the defendant not later than the 15th day of August 1934, final judgment for which is here rendered, and pay the cost of this proceeding; And it is further ordered, adjudged and decreed by the Court that the defendant have and recover of the complainant, the further sum of $1164.40 which the complainant may discharge by payment to the Register of this Court by making a payment of $7.10 on the first day of Sept. 1934 and a similar payment to said Register on the first day of each month thereafter until the full amount of same shall have been paid, which said judgment shall be final and conclusive between the parties to this suit and to their assigns."

█ Treating the questions here presented in the order of argument in brief for appellant, we conclude the evidence supports a finding of total and permanent disability within the meaning of such policies, as often and recently defined by this court.

According to the weight of the evidence, the insured is afflicted with pulmonary tuberculosis, already of some two years' standing; not a sporadic case of arrested tuberculosis, but still running temperature with all the probable consequences.

That proof was furnished as per terms of the policy is admitted.

Appellant challenges the decree for including future installments; insists the recovery should have been limited to installments due when suit brought or at the time the decree was rendered. Reliance is had on cases, such as Fowler and Prout v. Armour, 24 Ala. 194, where the right of recovery at law turned on the accrual of installments of wages due from month to month. Recovery was limited to sums due when suit brought.

The general rule that suit can be brought to recover only demands already accrued is not to be questioned.

█ In a suit upon past-due installments, due under one and the same contract, the general well-known rule at law is that present recovery is limited to past-due installments at the time of suit filed, but the judgment is pleadable as res adjudicata of the original obligation, and in suits for later installments defenses are limited to subsequent matters going to the continued existence of the obligation to pay the installments then in suit.

The courts are not in harmony as to whether this rule is applicable to suits on insurance contracts, containing various forms of installment provisions. Some courts have held that when the insurer denies liability, and liability is established by a suit at law, the right to pay in installments is forfeited or waived, and a present recovery is had for the full benefit, or its present value. Metropolitan Life Ins. Co. v. Harper (Ark.) 70 S.W.(2d) 1042; Home Life Ins. Co. et al. v. Ward (Ark.) 75 S.W. (2d) 379.

This rule was declared in the Kentucky case of John Hancock Mut. L. Ins. Co. v. Cave, 240 Ky. 56, 40 S.W.(2d) 1004, 79 A. L. R. 848, 851, and in Milburn v. Royal Union Mut. Life Ins. Co., 209 Mo. App. 228, 234 S. W. 378. See, also, 8 Couch Cyc. Ins. Law, § 1911.

If we approve this rule, as indicated on first consideration of the instant case, it would follow, as of course, that this appellant could not complain of a decree for the whole, with the privilege of paying in installments as they mature under the terms of the policy.

But, on rehearing, appellant brings to our attention that the Kentucky court has differentiated the Cave Case above from those in which the contract stipulates for payment in installments only (Prudential Ins. Co. v. Cox, 254 Ky. 98, 71 S.W.(2d) 31); and that the Missouri court has overruled the Milburn Case in the later case of Allen v. National Life & Accident Ins. Co. (Mo. App.) 67 S.W.(2d) 534.

Other courts, in recent decisions, have sustained the right of the insurer to pay in installments as a contract right, on like prin-

ciples applicable to other contracts. Brix v. People's Mut. Life Ins. Co. (Cal. Sup.) 37 P.(2d) 448; New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58; Mid-Continent Life Ins. Co. v. Walker, 128 Okl. 75, 260 P. 1109; Green v. Inter-Ocean Casualty Co. of Cincinnati, Ohio, 203 N. C. 767, 167 S. E. 38; Metropolitan Life Ins. Co. v. Lambert, 157 Miss. 759, 128 So. 750; Atkinson et al. v. Railroad Employees Mutual Relief Soc., 160 Tenn. 158, 22 S.W.(2d) 631.

■ In this state of the authorities we make no decision touching the propriety of a judgment in this case for immediate payment of the full amount of the disability benefit. This, for the reason that the decree of the trial court, on a proceeding in equity brought by the insurer, sustained the right to pay in installments. The insured does not appeal. The only question really involved is whether the court was in error in decreeing the full amount of the benefit with the privilege of paying in installments.

The contract stipulates to pay one specific benefit, $1,000, in lieu of the life benefit. The obligation to pay is fixed when total permanent disability intervenes pending the life of the contract, and proof is duly made. Payments are to be made to the full amount in monthly installments fixed by a table in which interest is figured in addition to the $1,000 principal. The number of installments, within the limits of the table, are to be fixed by the employer, the holder of the master policy.

This provision seems to be in the nature of a paternal arrangement; the employer acting in a sort of trust capacity, on behalf of the insured. Whether the insurer was entitled to require the employer to fix the installment period, or to have the court fix same on failure of the trustee to act, we have no occasion to decide.

The court, on a bill in equity in the nature of one of specific performance, did, on the prayer of appellant, cause the employer to fix the installment period. The plenary powers and remedies of the court of equity fully warranted a decree adjudicating the amount due to be paid, and providing for its payment in installments.

Courts which have denied a present recovery and collection of the entire amount on installment contracts have fully sanctioned decrees of this character ascertaining the full amount due, and decreeing payment thereof in installments.

Such relief has been denied in courts of law, which, like ours, have no jurisdiction to render such judgments, but where proper pleading is allowable, the courts grant relief analogous to that here under review. Equitable Life Assur. Soc. of United States v. Goble, 254 Ky. 614, 72 S.W.(2d) 35, 37; Equitable Life Assur. Soc. v. Morgan, 254 Ky. 699, 72 S.W.(2d) 46; Equitable Life Assur. Soc. v. Martin (Ky.) 72 S.W. (2d) 446; Equitable Life Assur. Soc. v. Keck, 254 Ky. 773, 72 S.W.(2d) 466; Equitable Life Assur. Soc. v. Sesco, 255 Ky. 298, 73 S.W.(2d) 47; Equitable Life Assur. Soc. v. Patrick, 255 Ky. 290, 73 S.W. (2d) 49; Equitable Life Assur. Soc. v. Dennison, 255 Ky. 296, 73 S.W.(2d) 52; National Mut. Acc. Ins. Co. v. Hicks (Tex. Civ. App.) 65 S.W.(2d) 805; Pomeroy Spec. Perf. (3d Ed.) § 16.

We are convinced that under a bill seeking specific performance of the installment provisions of the contract, the court of equity has full power to mold its decree to do complete equity; to adjudicate fully the rights of the parties under the contract, and decree relief accordingly.

The final question, and the one of most concern to the insurer, is an insistence that the decree should have retained the cause in fieri, and made provision for reopening the question of disability in the light of subsequent events.

Among the cases relied upon to sustain such contention is Ellis v. New York Life Ins. Co., 214 Ala. 166, 106 So. 689. In that case the contract stipulated for payment of a monthly benefit upon due proof of total disability which would presumably be permanent, the insurer would pay a monthly benefit "during the life time and continued disability of the insured." Proof was approved by the company and payment of benefits begun, but, on receiving evidence that the total disability had not continued, declined to continue payments. Thereupon the insured sued for such benefits. The decision expressly notes that the contract called for monthly benefits while the disability continued, and the decision deals with the question of continued total disability vel non.

In the case of Brix v. People's Mut. Life Ins. Co. (Cal. App.) 29 P.(2d) 233, 234, 236, later overruled on other points as before noted, the contract was to pay a monthly indemnity "so long as the Insured lives and suffers total loss of time." The appellate court modified a decree awarding benefits for life, so as to permit the reopening of the case upon a showing that the disability had ceased to exist.

The case of Melancon v. Provident Life & Accident Ins. Co., 176 La. 1055, 147 So. 346, 348, involved an accident indemnity policy stipulating for a monthly benefit "for the period during which such injury alone shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to his business or occupation." The decree of the trial court was similar to that in the instant case. On appeal the decree was modified to incorporate the above provision in the decree, and let in the insurer to contest the continuance of disability.

In Equitable Life Assur. Soc. of United States v. Goble, supra, the contract stipulated: " * * * If it appears at any time that such disability has been terminated, no further disability installments will be paid on account thereof." The cause was retained on the docket subject to be reopened for proof of termination of the disability.

Manifestly it is within the right of parties to stipulate against the conclusive effect of a voluntary acceptance of proof of permanent total disability, to require further assurances from time to time, and to stop payments if the case turns out to be one of temporary rather than permanent disability.

Whether the courts should encumber their records with a volume of administrative business in connection with insurance, similar to alimony cases, with the multiplicity of suits which may follow, is a question of moment.

■ We are clear in the conviction that it is not within the power of parties to contract against the finality of judgments and decrees of courts on issues within their jurisdiction, duly litigated and determined.

There is no more fixed, fundamental principle, or public policy, than this doctrine of the finality of judicial findings. We may observe that disability from accidents in industry gave birth to our Workmen's Compensation Laws. The adjudication of permanent total disability from certain classes of injury may be quite as difficult, and subject to as much uncertainty in proof, as disability from disease. Installment payments are provided for in such laws, running through long periods, but no provision is made to reopen and relitigate the question of permanent disability. This is in line with the principle of finality in judicial decrees.

. Our research convinces us the law is somewhat formative on these questions.

As heretofore noted some courts have preferred to treat cases wherein the insurer refused to pay and it was found he should pay, as in the nature of a breach of the contract on the part of the insurer, and awarded once for all, the damages resulting from such breach.

This case, as we have said, calls for no final decision of that question; neither does it call for a decision as to the soundness of the cases last reviewed, keeping the cause open, as applied to the contracts there considered. We leave such questions for decision when occasion arises.

In the instant case the insurer contracted to pay one specific benefit, $1,000, when total permanent disability intervened, and proof of same made. This sum is payable in installments specified in a table, including some interest added in the face of the installment. The employer is named to designate the installment period, within the limits of the table, one to twenty years. There is no indefinite period during which installments shall be paid, but a fixed period. If we write in an implied provision that payments shall end if disability turns out not to be permanent, then the amount payable becomes contingent on the installment period designated after disability arose.

■ Whatever be the rights of the insurer, who approves ex parte proofs and begins to pay, if it later appears there was no permanent total disability, we here and now decide that the judicial finding of permanent total disability on an issue duly presented and litigated inter partes has all the finality of other judgments and decrees. It is just as conclusive of the obligation to pay the last installment as the first one. It is just as conclusive on the insurer as it would have been against the insured if such issue had been found against her. Mutuality as to conclusiveness of judgments, is fundamental. There was no error in declining to hold open the case to relitigate the question of total permanent disability under the contract in this cause.

■ Attention is called to certain stipulations of the policy in the paragraph headed "Modes of Settlement," whereby, in the event of the death of the insured before all installments are paid, a new beneficiary may be designated to receive the unpaid installments. Some doubt is expressed by appellant as to whether a double liability might not arise under the present decree in such event. To clarify this matter the decree will be here amplified by adding the following:

"In the event of the death of the insured before all the installments are paid into the registry of this court for her use, this court shall determine the beneficial ownership of this decree and the proceeds thereof in keeping with the stipulations of the policy, and direct the paying out of such funds by the register."

The decree of the court below is modified and affirmed. The application for rehearing is overruled.

All the Justices concur.