162 So. 287

**JOHN HANCOCK MUT. LIFE INS. CO.
v. BOBO.**

**7 Div. 292.**

Supreme Court of Alabama.
March 28, 1935.

Rehearing Denied June 27, 1935.

C. A. Wolfes, of Fort Payne, and Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

J. A. Johnson, of Fort Payne, for appellee.

THOMAS, Justice.

The suit originally was at law upon a policy of insurance for a permanent total disability benefit. On an application by the defendant, it was removed to the equity side of the court and bill filed therein to bring in the employer and compel him to designate the mode of payment the contract provided, and to enforce the contract between the parties.

The plaintiff at law and defendant in equity made her answer a cross-bill, submitted same to the jurisdiction of the court, and prayed for "such other, further and general relief as she may be entitled to and which the Court can and will grant her to the end that the *complainant may be caused to keep its contract with her.*"

Pursuant to the order of the court, the employer made the required designation of the "mode of settlement as provided for in the group policy issued by John Hancock Mutual Life Insurance Company, to-wit: Monthly installment payments over a period of 15 years, each monthly installment payment being the sum of $7.10."

The questions urged in argument are that of the right of recovery for a permanent total disability benefit, and the right of the court to decree partial payment, under the policy and within the designation by the employer.

There were no exceptions reserved to the introduction or rejection of the evidence. There was adjudication of the question of liability vel non under the law of such contracts. Protective Life Insurance Company v. Hale, ante, p. 323, 161 So. 248; Protective Life Insurance Company v. Wallace, ante, p. 338, 161 So. 256; Protective Life Insurance Company v. Cole, ante, p. 450, 161 So. 818.

The several material provisions of the policy, those for discontinuance of insurance, for permanent total disability bene-

fit, and those touching the modes of settlement, read, respectively, as follows:

"*Insurance To Be Discontinued.* The insurance of any employee covered hereunder shall end when his employment with the employer shall end except in a case where at the time of such termination the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit, in such case the insurance will remain in force as to such employee during the continuance of such disability for the period of three months from the date upon which the employee ceased to work and thereafter during the continuance of such disability and while this policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee. Nothing in this paragraph contained shall limit or *extend the permanent Total Disability Benefit to which an employee shall become entitled under this policy.*" (Italics supplied.)

"*Permanent Total Disability Benefit.* If any employee shall furnish the company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive further payment of premium as to such employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability, *in a fixed number of installments chosen by the employer from the table in the paragraph entitled 'Modes of Settlement,'* the first installment to be paid immediately upon receipt of due proofs of such disability. Any installments remaining unpaid at the *death of the employee* shall be payable as they become *due to the beneficiary designated by such employee.* Such remaining installments may be commuted into one sum on the basis of interest at the rate of three and one-half per cent per annum." (Italics supplied.)

"*Modes of Settlement. Any claim of death* under this policy shall be paid to the beneficiary designated by the employee either in one amount or in a fixed number of installments for each One Thousand Dollars according to the following table upon the written election of the employer, the first installment to be paid immediately upon receipt of due proofs of death." (Italics supplied.)

Another important provision is the incontestability clause, which reads: "This policy shall be incontestable after one year from the date of issue except for non-payment of premiums."

The cause, being duly submitted, resulted in a final decree against the appellant insurer in accord with the election made by the employer for accrued installments and interest, and for the several future installments within the amount of the policy at the rate prescribed by the election made by the employer. There is an insistence of error in this action of the court. The cases cited by appellant are those for damages that have not accrued and prematurely sought in recovery. 17 C. J. 1085; Fowler & Prout v. Armour, 24 Ala. 194; Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552. This is not such a case; it is one for the enforcement of the contract, where both parties invoke the extraordinary powers of a court of equity necessary to a determination of their rights; the insistence being that the powers of a court of law are inadequate.

The removal of the cause by bill to the equity docket at the instance of the defendant at law, the designation in the cause of the mode of payment being made by the employer, and liability of the defendant being shown by the evidence, the circuit court had the jurisdiction and power to enter the final decree, as was done, providing for installment payments under the terms of the contract and designation of the employer's mode. John Hancock Mut. L. Ins. Co. v. Large (Ala. Sup.) 162 So. 277.[1] This was the law of the contract. There was, therefore, no error in not keeping the judgment open for the purpose of reconsideration of a changed physical condition of the assured, or for a further designation of the beneficiary.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

---

[1] Ante, p. 621.

652

### On Rehearing.

THOMAS, Justice.

The decree of the circuit court is modified as ordered in the case of John Hancock Mutual Life Insurance Company v. Lena Large (Ala. Sup.) 162 So. 277,[1] and as so modified, is affirmed. The application for rehearing is overruled.

All the Justices concur, except KNIGHT, J., not sitting.

