25 So.2d 778

## NEW YORK LIFE INS. CO. v. STOKES.

### 4 Div. 849.

Court of Appeals of Alabama.
Oct. 30, 1945.

Rehearing Denied Nov. 20, 1945.

Reversed on Mandate April 23, 1946.

Edw. F. Reid, of Andalusia, and Rushton, Weil, Stakely, Johnston & Williams, of Montgomery, for appellant.

E. O. Baldwin and Powell & Fuller, all of Andalusia, for appellee.

BRICKEN, Presiding Judge.

The appellee as administratrix de bonis non of the estate of Oscar H. Thompson, civiliter mortuus, recovered a judgment in the court below for $295, being five monthly installments and interest on the life of said Thompson in which appellant agreed to pay the insured a monthly income of $50 per month during his life and continued disability. The theory of suit in the court below was that said Thompson became totally and permanently disabled from engaging in any occupation whatsoever for remuneration and profit on, to wit: April 1, 1935, and that he became civilly dead on May 18, 1933, when he was sentenced to life imprisonment in the circuit court of Covington County, Alabama. The complaint contained three counts which will be set out by the reporter. In count 2 of the amended complaint, it was alleged that the facts alleged in this cause were duly litigated and the issue determined by a decree of the equity court of Covington County, Alabama, rendered on the 4th day of February, 1939, wherein it was determined by decree of the court that "Oscar H. Thompson is and was at the time the original bill in said cause was filed, suffering from total and permanent disability on account of bodily disease which the defendant, the New York Life Insurance Company, had notice, said decree directed the payment of the sum of $50.00 per month to the plaintiff."

A demurrer to the complaint as amended was overruled and the defendant plead in short by consent.

Among other things, appellee introduced a decree in the circuit court of Covington County rendered February 4, 1939, in words and figures as follows:

"Mrs. Alma Stokes, as Administratrix of the Estate of Oscar H. Thompson, Civilly Dead, Complainant, vs. The New York Life Insurance Company, a corporation, Respondent.

In the Circuit Court of Covington County, Alabama,

In Equity
No. 2423

"The complainant files her bill in this Court, as Administratrix of the Estate of Oscar H. Thompson, Civilly Dead, in which she alleges: That she is a resident of Covington County, Alabama, over Twenty-one (21) years of age, and that the respondent, The New York Life Insurance Company, is a corporation, organized under the Laws

of the State of New York; that she is administratrix of the Estate of Oscar H. Thompson, now civilly dead, on account of his conviction and sentence to life imprisonment, in May, 1933; that prior to the civil death of the said Oscar H. Thompson, the defendant, The New York Life Insurance Company, had issued to him an insurance policy, in the sum of Five Thousand & No/100 Dollars ($5,000.00), on the life of said Oscar H. Thompson; that in and by the terms of said policy the insurer, The New York Life Insurance Company, agreed that it would pay the assured a monthly income of Ten & No/100 Dollars ($1,000.00) of insurance, during his life ($10.00) on each One Thousand & No/100 and continued disability, and waived all premiums falling due during said period of disability. It is further alleged that the said Oscar H. Thompson is suffering from permanent and total disability, of which the respondent has had notice, and that the complainant, as Administratrix of his estate is entitled to the disability benefits, provided for by the terms of the policy, and alleges that suits have been filed and that disability benefits have been paid to her under the terms of said policy, from the commencement of said disability in April, 1936, to August 1, 1937. Complainant alleges that she is entitled to the disability benefits due under said policy, for the months of August, 1937, September, 1937, and October 1937, and to an order and decree of this Court requiring the respondent to pay such disability benefits each subsequent month, in the sum of Fifty & No/100 Dollars ($50.00) to her as administratrix of the estate of said assured.

"The respondent, The New York Life Insurance Company, filed its answer, which it made a cross-bill, making complainant and the said Oscar H. Thompson respondents thereto, admitting Paragraphs One to Three inclusive of complainant's bill, and submits itself to the jurisdiction of this Court, and prays for a declaratory judgment and decree of this Court, determining its liability and the rights to the disability benefits provided for by the terms of said policy.

"The cross-respondent Oscar H. Thompson, being represented by attorney, who appeared for him and filed his answer in his behalf, and Mrs. Alma Stokes, individually and as Administratrix of the estate of Oscar H. Thompson, answered said cross-bill, in which she alleges that she, as administratrix of the estate of Oscar H. Thompson, Civilly dead, is entitled to the disability benefits, under the terms of the insurance policy therein referred to, and also alleges that she is entitled to a declaratory judgment of this Court ascertaining and determining the rights of the parties and duties and obligations of the New York Life Insurance Company.

"Now, this cause coming on to be heard, submitted for final decree, upon the pleadings and proof, as noted by the Register. It appearing to the Court that, and the Court so finds, Oscar H. Thompson, at the time of the filing of the original bill in this cause, was suffering from a total and permanent disability; that on account of his sentence to life imprisonment in a penitentiary he is civilly dead; that Mrs. Alma Stokes is duly appointed and qualified administratrix of the Estate of Oscar H. Thompson. The Court further finds that the respondent, The New York Life Insurance Company issued to the said Oscar H. Thompson, on the 23rd day of October, 1924, insurance policy No. 8-889-701, in the sum of Five Thousand & No/100 Dollars ($5,000.00), which contained the following provision: 'The company will pay to the insured a monthly income of $10.00 per $1,000.00, of the face of the policy during his life and continued disability, beginning immediately upon receipt of proof.' Said policy further provided: 'The Company will waive payment of any premiums falling due after approval of said proof and during such disability.'

"The respondent, The New York Life Insurance Company admits notice of the permanent disability and admits that it has paid the disability benefits from April 1935 to August 1937.

"The issues presented by the pleadings and the testimony in support thereof, being considered and understood by the Court, the Court is of the opinion that the complainant is entitled to relief; that she, as said administratrix, is entitled to recover of the respondent, The New York Life In-

surance Company, the sum of Fifty & No/100 ($50.00) Dollars per month, for the months of August, September and October of 1937, the amount due on the policy herein referred to, according to the terms thereof; that she is also entitled to Fifty & No/100 Dollars ($50.00) each month subsequent to October, 1937, to the date hereof, and Fifty & No/100 Dollars ($50.00) per month during the life and continued disability of the said Oscar H. Thompson.

"It is, therefore, ordered, adjudged and decreed by the Court that the complainant is entitled to the relief prayed for; that Oscar H. Thompson is and was, at the time of the filing of the original bill in this cause, suffering from total and permanent disability, on account of bodily disease, which disability the respondent, The New York Life Insurance Company has had notice.

"It is further ordered, adjudged and decreed by the Court that complainant, as Administratrix of the Estate of Oscar H. Thompson, civilly dead, have and recover of respondent, The New York Life Insurance Company, the sum of $150.00, payable as hereinafter referred to.

"It is further ordered, adjudged and decreed that complainant, as Administratrix of the Estate of Oscar H. Thompson, civilly dead, also recover of the said respondent the sum of $750.00, compensation now due under the terms of said insurance policy, and $50.00 per month hereafter, during the life and continued disability of the said Oscar H. Thompson, beginning on March 1, 1939, as hereinafter provided.

"It is further ordered, adjudged and decreed that Mrs. Alma Stokes, as Administratrix of the Estate of Oscar H. Thompson, civilly dead, is entitled to the disability benefits, provided for by the terms of said policy, including a waiver of the premiums due on said policy.

"It is further ordered, adjudged and decreed by the Court that the respondent, The New York Life Insurance Company, pay into the office of the Register of this Court the sum of $150.00, for the income due on said policy, according to the terms thereof. for the months of August, September, and October, 1937, and that the said respondent pay, within fifteen days, to the complainant, Mrs. Alma Stokes, as Administratrix of the Estate of Oscar H. Thompson, civilly dead, $750.00, same being for the months of November, 1937, through January, 1939, both inclusive.

"It is further ordered, adjudged and decreed that the respondent, The New York Life Insurance Company, pay to the complainant the sum of $50.00 per month hereafter, during the life and continued disability of said Oscar H. Thompson, commencing with the month of February, 1939, payable on March 1, 1939, and on the 1st day of each month thereafter during the life and continued disability of said assured.

"It is further ordered, adjudged and decreed that the complainant be taxed with the costs in this cause.

"Done this 4th day of February, 1939.

"Robt. S. Reid
——————————————————
"Robt. S. Reid, Judge
"22nd Judicial Circuit."

The terms of the policy referred to in the decree are:

"And the Company agrees to Pay to the Insured       *** Fifty ***       Dollars
——————————————————
($10 Per $1,000 of the Face of This Policy)
each month during the lifetime of the Insured and also to waive the payment of premiums, if the Insured becomes wholly and presumably permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof."

"Section 1—Disability Benefits

"1. Total Disability.—Disability · shall be deemed to be total whenever the Insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit.

"6. Recovery from Disability.—The Company may from time to time demand due proof of the continuance of total disability, but not oftener than once a year after it has continued for two full years. Upon failure to furnish such proof, or if at any time it shall appear to the Company that the Insured is able to engage in any occupation for remuneration or profit, no further income payments shall be made nor premiums waived."

Appellant offered testimony which was undisputed to the effect that the insured

lived and worked as any other prisoner although he is incapacitated to a certain extent from time to time, that he was not during the period covered by this suit totally disabled. The trial court gave the general affirmative charge for the plaintiff appellee. This appeal is prosecuted to review the ruling on the demurrer, the ruling refusing the general affirmative charge requested by appellant in writing to each count as amended, the ruling giving the general affirmative charge in writing requested by appellee and the ruling overruling the motion for a new trial.

As we read the record, a decision to the legal effect of the decree above referred to solves all of the questions involved in this appeal. On behalf of the appellant it is contended that the decree was carefully worded so as to make it conditional on the continuance of disability and that being conditional, no right of action exists at law on such decree.

On behalf of appellee, it is claimed that the decree is a definite, unconditional adjudication of the total and permanent disability of the insured, the appellant's liability for $50 per month during the life and continued disability of said Thompson beginning March 1, 1939, and that as long as Thompson is alive the question of continued disability may be litigated under a provision in the policy which provides: "If at any time, it shall appear to the company that the insured is able to engage in any occupation for remuneration or profit, no further income payment shall be made nor premiums waived."

The decisions of the Supreme Court of Alabama are binding on this court.

In the case of John Hancock Mutual Life Insurance Company v. Large, 230 Ala. 621, 162 So. 277, 281, it was said: "Whatever be the rights of the insurer, who approves ex parte proofs and begins to pay, if it later appears there was no permanent total disability, we here and now decide that the judicial finding of permanent total disability on an issue duly presented and litigated inter partes has all the finality of other judgments and decrees. It is just as conclusive of the obligation to pay the last installment as the first one. It is just as conclusive on the insurer as it would have been against the insured if such issue had been found against her. Mutuality as to conclusiveness of judgments is fundamental. There was no error in declining to hold open the case to relitigate the question of total permanent disability under the contract in this cause."

The case in the Equity Court was not held open in order that the question of total and permanent disability might be relitigated in the future. The provisions in the decree that payment be made during the life and continued disability of said assured mean that payment must be made during the life of the assured, found by the decree to be totally and permanently disabled. John Hancock Mutual Life Insurance Company v. Large, supra.

We are, therefore, of the opinion that the judgment appealed from should be and the same is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of New York Life Ins. Co. v. Stokes, 247 Ala. 639, 25 So.2d 783.