Matthias, J.
 

 This case comes before this court, as correctly stated by counsel for the appellant, upon the “simple but all important question of what is ‘due proof’ as that term is used by insurance companies in policies providing for total and permanent disability benefits.” We therefore deem it unnecessary to disi cuss the facts as adduced upon the trial of the case.
 

 The instant case and the case of
 
 Stuhlbarg
 
 v.
 
 Metropolitan Life Ins. Co., ante,
 
 390, were under consideration by this court at the same time. The provision of the insurance contract involved is in substantially the same language. In the syllabus of the latter case, “due proof” and “permanent disability” are defined as follows:
 

 “ ‘Due proof’ of total and permanent disabibdy requires only
 
 prima facie
 
 evidence of such disability, and does not require such certainty of proof of total
 
 *467
 
 and permanent disability as is required in the proof of such a claim in an action at law in case the claim is rejected by the insurer.
 

 “The term ‘permanent disability,’ as used in a disability insurance policy providing for payments to one who ‘has become totally and permanently disabled so as to be unable at any time to perform any work or engage in any business for compensation or profit,’ does not mean that such disability must necessarily continue for the remainder of the life of the insured, but that it shall, with reasonable probability, continue for some indefinite period of time without any present indication of recovery therefrom.”
 

 It is to be observed that the proof of claim presented by the insured in that case, which was held to be sufficient to comply with the requirements of the policy, disclosed that the insured was suffering “from what is generally regarded as a progressive and incurable disease” and that there was no present indication of his probable recovery therefrom, but rather an indication of improbability of recovery.
 

 The proofs must at least disclose an existing condition from which can arise a presumption of permanency of disability. The fact that the duration of physical disability is “indefinite” does not warrant a conclusion of permanency, for the duration of ordinary diseases is usually indefinite.
 

 An examination of the record in the instant ease requires our concurrence in the conclusion announced by the Court of Appeals, that the tendency of the data furnished by the insured was not to support a claim of permanent disability, but rather to prove the contrary. Certainly a statement, whether denominated a notice of claim or proof of claim of total and permanent disability, which affirmatively shows only a temporary disability, does not meet the requirements of the insurance agreement. The initial notice of claim filed
 
 *468
 
 by the insured, which was dated November 22, 1935, stated that the insured had developed ‘ ‘ Iritis & Tumor and Cyst operation” August 16, 1935, and that she expected to be totally disabled for ‘ ‘ two to three months (perhaps).”
 

 Subsequently certificates of physicians were filed which characterized the insured’s disability as “temporary.” One' of these certificates relates to an operation for appendicitis which occurred during the pendency of the eye trouble. It is sufficient to say that none of such certificates contained any statement whatever indicating any probability that the insured would be permanently disabled or that her ailment possessed any characteristics of permanency, however liberal a meaning may be ascribed to the word “permanent.” The proofs furnished in the instant case fall far short of the requirements announced in the
 
 Stuhlbarg case, supra.
 
 The construction of the language of the agreement sought by plaintiff would convert the policy into one providing sickness and accident benefits, for which greatly increased premiums would necessarily be required.
 

 We have heretofore very definitely stated what constitutes due proof of total and permanent disability. The facts disclosed by the record in this case clearly illustrate what is not due proof of total and permanent disability.
 

 It follows that the judgment of the Court of Appeals should be in all respects affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.