By the Court.
 

 The sole question for consideration by this court is whether the trial court was in error in holding that the evidence fails to show permanent as well as total disability of the insured.
 

 The plaintiffs place reliance upon the decision of this court in the case of
 
 Gibbons
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 135 Ohio St., 481, 21 N. E. (2d), 588. In the first two paragraphs of the syllabus the court held that:
 

 “1. In case of doubt, provisions in a policy of insurance for the payment of total and permanent disability benefits must be liberally and fairly construed in order that the true intent of the contracting parties may be given full effect.
 

 “2. An insured, afflicted with duodenal ulcer and unable by reason thereof to pursue his regular vocation or employment, is ‘totally and permanently disabled’ within the terms of a policy of insurance which contains a provision for the payment of disability benefits in case the-insured should ‘become totally and permanently disabled’ in such manner that he ‘will for lifetime be unable to perform any work or engage in any business for compensation or profit.’ ”
 

 In the third paragraph of the syllabus in the recent case of
 
 Stuhlbarg
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 143 Ohio St., 390, this court restated the rule as follows:
 

 
 *15
 
 “The term ‘permanent disability,’ as used in a disability insurance policy providing for payments' to one who ‘has become totally and permanently disabled so as to be unable at any time to perform any work or engage in any business for compensation or profit,’ does not mean that such disability must necessarily continue for the remainder of the- life of the insured, but that it shall, with reasonable probability, continue for some indefinite period of time.”
 

 Having in mind the liberal rule in this state that such contracts or policies must be accorded a liberal' construction in favor of the insured, what evidence of permanency is disclosed by the record?
 

 . The insured conducted a shoe business until March 27, 1940, at which time he suffered what was termed a nervous breakdown. He was confined to his bed for a period of two weeks under the- care of a physician. For a while thereafter he spent considerable time in bed but was able to take sun baths and to make trips to the office of his physician. In about four months he filed a voluntary petition in bankruptcy and attended the hearings with reference thereto. As his condition improved he began to do various work in his home, in his garden and on his automobile. In October, 1941, he began to assist his wife in the operation of a restaurant, and early in the year 1942, he operated the restaurant himself during his wife’s illness. Then he began to study engineering and in June or July of that year he obtained regular employment in a manufacturing plant.
 

 On August 7, -1940, the assured filed with the defendant his claim for disability benefit. He submitted certificates of three attending physicians. One of" these certified on August 23,1940, that the insured was suffering from a nervous breakdown but gave no answer to the question requesting his opinion whether the disability of the insured would be permanent or
 
 *16
 
 temporary. A second certified on August 26,1940, that the insured was suffering from “simple depression with anxiety” and that the disability would be temporary. Tbe third physician signed three certificates. On August 24, 1940, he certified that he was. “unable to s.tate definitely at present” whether the disability would be permanent or temporary; and in his certificates of January 31, 1941, and November 6, 1941, he gave no answer to that question. The second physician testified at the trial, and a deposition of the third was read. The testimony of the second was in part as follows:
 

 “Q. Explain, or give the jury a definition for prognosis, if you will? A. A prognosis is the outlook.
 

 “Q. All right. -A. Prognosis means what to expect, and at that time I wrote that, the expectations or prognosis was good, for the present attack.
 

 “Q. Now were you able, Doctor, or did you have any opinion as to the duration of this condition which you observed in Mr. Kramer — which you observed and found? A. No, sir. I did not have an opinion as to the duration,
 

 “Q. Could you, at the time, have fixed the duration for this illness? A. No, sir.
 

 “Q. What has been your experience in illnesses of this type, Doctor? A. This illness may last from several months to usually three years. Occasionally we have seen cases which did last as long as six or seven years. But the average one falls between a few months and three years. Probably a year and half to two.”
 

 The testimony of the third physician is best summarized by his own language as follows :
 

 “Q. In other words, it was impossible — -was it impossible for you to- predict with any degree of accuracy how long it would last? A. At that time, yes.
 

 . “Q. It was possible for you to predict? A. No, it wasn’t.
 

 
 *17
 
 <£Q. It was not possible for you to predict how long it would last? A. That is right.”
 

 Thus the oral and written statements of the physicians were to the effect that the disability of the insured was temporary or that no prediction could be made; and in some of the certificates no answer whatsoever was given to this important question. The trial court was charged with the duty to determine probability — not mere possibility. It was required to have evidence upon which to base a finding of probable permanency of disability. This was lacking unless it can be said that the mere absence of evidence as to the probable duration of the insured’s disability constitutes some evidence of probable permanency.
 

 In the second paragraph of the syllabus in the recent case of
 
 Blumenthal
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 143 Ohio St., 464, this court said:
 

 “The requirement of ‘due proof’ of total and permanent disability is not met by statements of the insured or certificates of physicians, which characterize the disability only as ‘temporary’ and disclose no existing ailment or condition indicating any probability of permanency of physical disability.”
 

 In the instant case the Court of Appeals was not in error in affirming the judgment of the trial court.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bern and Turner, JJ., concur.
 

 Williams, J., not participating.